PEOPLE v TORRES (ON REMAND)

Docket No. 197735. Submitted September 19, 1996, at Lansing. Decided
March 25, 1997, at 9:00 A.M.

Gavino Torres was charged in the Recorder's Court for the City of
Detroit with possession with intent to deliver more than 650 grams
of cocaine. A jury convicted him of simple possession of more than
650 grams of cocaine. The court, Daphne Means Curtis, J., on its
own motion, set aside the verdict and granted the defendant a new
trial, believing it had erred in instructing the jury that simple pos-
session is a less serious offense than possession with intent to
deliver and that if it had not instructed the jury in that manner, the
jury might have acquitted the defendant. The prosecution filed a
delayed application for leave to appeal and a motion for a stay of
proceedings. The Court of Appeals, MACKENZIE, P.J., and HOLBROOK,
JR., and MURPHY, JJ., denied the application and motion in an order
dated February 26, 1991 (Docket No. 135400). The Supreme Court
denied the prosecutor's application for leave to appeal and motion
for a stay of proceedings. 437 Mich 987 (1991). The defendant was
retried on the charge of possession of more than 650 grams of
cocaine, but the trial ended in a hung jury. Before a scheduled third
trial, the trial court granted the defendant's motion to dismiss the
charge, reasoning that possession with intent to deliver and simple
possession are the same offense for double jeopardy purposes and
that, because the jury in the first trial acquitted the defendant of
possession with intent to deliver, the defendant would have been
acquitted outright if the jury had not been instructed with regard to
simple possession. The prosecutor appealed as of right from the
order dismissing the charge against the defendant. The Court of
Appeals, CAVANAGH, P.J., and CONNOR and BANDSTRA, JJ., reversed,
holding, in part, that the issue whether the trial court erred in set-
ting aside the jury verdict in the first trial and in granting a new
trial was not properly before the Court of Appeals in the appeal
from the final order dismissing the charge against the defendant.
209 Mich App 651 (1995). The Supreme Court reversed that part of
the holding of the Court of Appeals and remanded the matter to the
Court of Appeals to address the question whether the trial court
erred in sua sponte setting aside the jury verdict and granting the
defendant a new trial. 452 Mich 43 (1996).

On remand, the Court of Appeals *held*:

1. The trial court erred in granting the defendant a new trial on its own motion. MCR 6.431(B) allows a trial court to order a new trial in a criminal case only when a motion has been brought by the defendant.

2. The trial court would not have been justified in granting a motion for a new trial if the defendant had brought such a motion.

3. Simple possession of more than 650 grams of cocaine is a lesser included offense of possession with intent to deliver 650 grams of cocaine, even though, at the time of the trial, the two offenses carried the same penalty.

4. An offense is "inferior" for purposes of MCL 768.32(1); MSA 28.1055(1), the statute authorizing a trier of fact to convict a defendant of lesser degrees of an offense charged, where the lesser offense can be proved by the same facts that are used to establish the charged offense. The word "inferior" in the statute does not refer to inferiority in the penalty associated with the offense. The Legislature may select the same penalty for a crime and a lesser included offense of that crime.

5. The trial court did not err in instructing the jury with regard to the lesser included offense. The trial court abused its discretion in setting aside the jury verdict and granting the defendant a new trial.

6. The trial court's statement that simple possession was a "less serious" crime than possession with intent to deliver did not lead to manifest injustice, and therefore the defendant is not entitled to relief because of the court's statement.

7. Because the jury instruction regarding the lesser included offense was proper, defense counsel's failure to object to the instruction was not ineffective assistance of counsel.

Reversed and remanded for reinstatement of the jury verdict.

1. CRIMINAL LAW — MOTIONS AND ORDERS — NEW TRIAL.

MCR 6.431(B) allows a trial court to order a new trial in a criminal case only when a motion has been brought by the defendant; the rule does not allow a trial court to grant a new trial sua sponte.

2. CRIMINAL LAW — LESSER INCLUDED OFFENSES — WORDS AND PHRASES — INFERIOR.

An offense may be found to be "inferior" to another offense, for purposes of the statute authorizing a trier of fact to convict a defendant of lesser degrees of an offense charged, where the lesser offense can be proved by the same facts that are used to establish the charged offense; the word "inferior" in the statute does not refer to inferiority in the penalty associated with the lesser offense

but, rather, to the absence of an element that distinguishes the charged offense from the lesser offense; the Legislature may select the same penalty for a crime and a lesser included offense of that crime (MCL 768.32[1]; MSA 28.1055[1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald E. Steinberg*), for the defendant on appeal.

ON REMAND

Before: CAVANAGH, P.J., and HOOD and BANDSTRA, JJ.

CAVANAGH, P.J. This case is before us for the second time. Previously, we held, in part, that the prosecutor's appeal of the trial court order granting defendant a new trial was not properly before us and declined to address it. *People v Torres*, 209 Mich App 651, 658; 531 NW2d 822 (1995). The Supreme Court reversed this holding and remanded the case to us so that we may address the question whether the trial court erred in sua sponte setting aside the jury verdict and granting defendant a new trial. *People v Torres*, 452 Mich 43; 549 NW2d 540 (1996), cert den ___ US ___; 117 S Ct 985; 136 L Ed 2d 867 (1997). We reverse and remand for reinstatement of the jury verdict.

Defendant was charged with possession with intent to deliver more than 650 grams of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). A jury convicted defendant of simple possession of more than 650 grams of cocaine, MCL 333.7403(2)(a)(i);

MSA 14.15(7403)(2)(a)(i). In our previous opinion, at 653-654, we set forth the facts of this case:

At trial, the prosecution attempted to show that defendant had acted in concert with several others in the delivery of cocaine to undercover police officers. Anthony Valentine testified that defendant participated in conversations about purchasing the cocaine. Defendant accompanied Valentine, Rodney Edwards, Freddie Marshall, and David Crowl as they went to get cocaine from Edwards' source. The source handed a box containing cocaine to defendant, who kept it in front of him as the group traveled to the meeting place. When the vehicle stopped several blocks from the site where the transaction with the undercover officers was to occur, defendant handed the box to Edwards, who in turn handed it to Valentine. Marshall, Crowl, and Valentine then left to make the sale.

The jury was instructed with regard to both possession with intent to deliver and simple possession of more than 650 grams of cocaine. When instructing the jury, the trial court described simple possession as a "less serious" offense. On September 27, 1990, the jury convicted defendant of possession of more than 650 grams of cocaine.

In an order dated October 22, 1990, the trial court, on its own motion, set aside the jury verdict and granted defendant a new trial. The court believed that it had erred in instructing the jury that simple possession is a "less serious" offense than possession with intent to deliver because both offenses carry the same penalty.[1] The court reasoned that if it had not instructed the jury that simple possession was a "less serious offense," the jury might well have acquitted defendant.

---

[1] At that time, the penalty for both possession with intent to deliver more than 650 grams of cocaine and simple possession of more than 650 grams of cocaine was a mandatory sentence of life imprisonment without possibility of parole. However, the Supreme Court has since held that a mandatory life sentence without parole for simple

possession of more than 650 grams of cocaine violates the constitutional prohibition of cruel or unusual punishment. Simple possession of more than 650 grams of a controlled substance is now a parolable offense. *People v Bullock*, 440 Mich 15, 37 & n 19; 485 NW2d 866 (1992).

I

The prosecutor argues that the trial court erred in sua sponte granting defendant a new trial.[1] The grant of a new trial is reviewed for an abuse of discretion. *People v Reed*, 198 Mich App 639, 645; 499 NW2d 441 (1993), aff'd 449 Mich 375; 535 NW2d 496 (1995). The standard for reviewing a decision for an abuse of discretion is narrow; the result must have been so violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or an exercise of passion or bias. *People v Woods*, 200 Mich App 283, 288; 504 NW2d 24 (1993).

Under MCR 6.431(B), on the defendant's motion, the court may order a new trial on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice. This Court has held that MCR 6.431(B) allows the trial court to order a new trial in a criminal case only when a motion has been brought by the defendant.[2] See *People v McEwan*, 214 Mich App 690, 694; 543 NW2d 367 (1995). Accordingly, the

---

[1] Defendant argues that the prosecutor has abandoned this issue by failing to file the necessary transcripts. However, because the prosecutor has belatedly remedied this deficiency, we will address this issue.

[2] In the present case, defendant did not move for a new trial, although defense counsel indicated that he planned to file a motion for judgment notwithstanding the verdict after sentencing.

trial court erred in granting defendant a new trial on its own motion.

Moreover, we conclude that even if defendant had moved for a new trial, the trial court would not have been justified in granting one. The trial court based the grant of a new trial on its belief it had erred in instructing the jury with regard to the offense of simple possession of more than 650 grams of cocaine. The court believed that, under the circumstances of this case, simple possession could not be considered a lesser included offense of possession with intent to deliver because the offenses carried the same penalty.

In general, the duty of the trial court to instruct with regard to lesser included offenses is determined by the evidence. *People v Hendricks*, 446 Mich 435, 442; 521 NW2d 546 (1994). When an offense is necessarily included, the evidence will always support the lesser offense if it supports the greater. *People v Veling*, 443 Mich 23, 36; 504 NW2d 456 (1993). If evidence has been presented that would support a conviction of a lesser included offense, refusal to give a requested instruction regarding the lesser included offense is error requiring reversal. *Hendricks, supra.* The prosecutor, as well as the defendant, may request an instruction regarding a lesser included offense.[3] *People v King*, 98 Mich App 146, 153; 296 NW2d 211 (1980).

Possession of more than 650 grams of cocaine has been considered to be a necessarily included lesser offense of possession with intent to deliver that amount of cocaine, because the only distinguishing

---

[3] Of course, double jeopardy considerations come into play when a defendant is acquitted after the trial court erroneously refuses a prosecutor's request to instruct with regard to a lesser included offense.

characteristic is the additional element of the intent to deliver. *People v Gridiron (On Rehearing)*, 190 Mich App 366, 369; 475 NW2d 879 (1991), amended with regard to remedy 439 Mich 880 (1991). However, the question remains whether simple possession could have been considered a lesser included offense of possession with intent to deliver at the time of defendant's trial, because the offenses then carried the same penalty.

Whether one offense can be a lesser included offense of another if both carry the same penalty is an issue of first impression in Michigan. Other states have addressed this issue, reaching conflicting results. Some states have held that one offense cannot be a lesser included offense of another if both carry the same penalty. See, e.g., *Nurse v State*, 658 So 2d 1074 (Fla App, 1995); *State v Anthony*, 242 Kan 493, 497; 749 P2d 37 (1988); *Sanders v State*, 479 So 2d 1097, 1108 (Miss, 1985). However, other states have found that the penalty is irrelevant in determining whether one offense is a lesser included offense of another. See, e.g., *State v Young*, 305 NC 391, 393; 289 SE2d 374 (1982); *Stockton v State*, 756 SW2d 873, 876 (Tex App, 1988).

In *Nurse, supra,* the court addressed the issue and concluded that the underlying reasons for allowing a jury to convict of a lesser included offense imply that the lesser offense carries a lighter penalty than the charged offense. The *Nurse* court noted that one policy reason for allowing a jury to convict of a lesser included offense is that it allows a jury to exercise its power of leniency, or pardon power, by acquitting the defendant of the charged offense and convicting the defendant of a lesser offense. A related policy reason

is that it allows a jury that cannot agree on a verdict with regard to the charged offense to compromise by finding the defendant guilty of a lesser offense. The court concluded that both policy rationales presuppose that the lesser offense carries a lesser penalty than the charged offense. 658 So 2d 1078-1079.

In contrast, in Texas the determination whether an offense is a lesser included offense of the charged offense is made without regard to punishment. One court explained, "The word 'lesser' does not refer to the punishment range but to the factor that distinguishes the included offense from the offense charged, i.e., less than all facts, less serious injury or risk of harm, less culpable mental state, or an attempt." *Johnson v State*, 828 SW2d 511, 515-516 (Tex App, 1992).

A factor cited by some courts in holding that one offense cannot be a lesser included offense of another if both carry the same penalty has been the fact that the offenses at issue were defined in a single statute. See *Anthony, supra; Sanders, supra*. However, that factor is irrelevant in the present case because the offenses of possession of more than 650 grams of cocaine and possession with intent to deliver more than 650 grams of cocaine are set out in two separate statutes. See MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i), MCL 333.7403(2)(a) (i); MSA 14.15(7403)(2)(a)(i).

In Michigan, statutory authorization for allowing a trier of fact to convict a defendant of lesser degrees of an offense charged, except where the defendant is charged with certain drug offenses, is provided by MCL 768.32(1); MSA 28.1055(1). The statute states:

> Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.

Over a century ago, our Supreme Court noted that the statute was intended to remove the common-law restriction that, upon an indictment for a felony, the defendant could not be convicted of a misdemeanor. See *Hanna v People*, 19 Mich 315, 322 (1869).[4] More recently, this Court stated that the statute "is merely declaratory of the longstanding rule that due process notice requirements are not violated by convicting an accused of a lesser included offense since lesser included offenses can have no elements different from those in the principal charge." *People v Membres*, 34 Mich App 224, 231; 191 NW2d 66 (1971).

Defendant argues that in order for an offense to be "inferior" within the meaning of MCL 768.32(1); MSA 28.1055(1), its penalty must be less than that of the charged offense. However, after carefully considering its issue, we conclude that under MCL 768.32(1); MSA 28.1055(1), an offense may be inferior to another even if the penalties for both offenses are identical. We

---

[4] In *Hanna*, the Supreme Court addressed § 16 of Chapter 161 of the Revised Statues of 1846, which provided:

> Upon an indictment for any offense, consisting of different degrees, as prescribed in this title, the jury may find the accused not guilty of the offense in the degree charged in the indictment, and may find such accused person guilty of any degree of such offense, inferior to that charged in the indictment, or of an attempt to commit such offense.

believe that the word "inferior" in the statute does not refer to inferiority in the penalty associated with the offense, but, rather, to the absence of an element that distinguishes the charged offense from the lesser offense. The controlling factor is whether the lesser offense can be proved by the same facts that are used to establish the charged offense. As the *Membres* Court noted, the defendant's due process notice rights are not violated because all the elements of the lesser offense have already been alleged by charging the defendant with the greater offense.

Moreover, under the constitution of this state, the people have vested in the Legislature the exclusive authority to determine the terms of punishment imposed for violations of the criminal law. Const 1963, art 4, § 45; *People v Schultz*, 435 Mich 517, 525; 460 NW2d 505 (1990). There is nothing in the constitution that prohibits the Legislature from selecting the same penalty for a crime and a lesser included offense of that crime. The right to due process of law merely requires that a defendant cannot be convicted of an offense unless each element of the offense has been proved beyond a reasonable doubt. *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970).

We are not persuaded by the *Nurse* court's policy arguments for concluding that an offense cannot be a lesser included offense of another if both carry the same penalty. Michigan courts have recognized that a jury possesses the power of leniency. See *People v Lewis*, 415 Mich 443, 450-453; 330 NW2d 16 (1982); *People v Vaughn*, 409 Mich 463, 466; 295 NW2d 354 (1980). However, this is a de facto power with regard to which the jury is not instructed. Furthermore, as

the dissenting judge in *Nurse* noted, the existence of a jury power of leniency does not entitle the defendant to a jury charge on any and every offense, without regard to the evidence presented at trial. See *Nurse, supra* at 1087 (Cope, J., dissenting).

Moreover, while compromise verdicts undoubtedly occur, we do not believe that their existence compels the conclusion that a lesser included offense must have a less severe sanction than the greater offense. It seems likely that at least some compromise verdicts are based upon disagreements among the jurors over which elements the prosecution has proved beyond a reasonable doubt, without regard to penalty. Moreover, as stated above, the right to due process of law merely requires that a defendant cannot be convicted of an offense unless each element of the offense has been proved beyond a reasonable doubt. *Winship, supra.*

Thus, we hold that the trial court did not err in instructing the jury with regard to the lesser included offense of possession of more than 650 grams of cocaine despite the fact that, at that time, the penalty for simple possession of more than 650 grams of cocaine was identical to that for possession with intent to deliver more than 650 grams of cocaine. The trial court would in fact have erred had it not acceded to the prosecutor's request for the instruction. See *Hendricks, supra; King, supra.* The fact that, at the time, the penalties for simple possession of more than 650 grams of cocaine and possession with intent to deliver more than 650 grams of cocaine were identical is irrelevant to the determination whether the former offense is a necessarily included offense of the latter. Accordingly, we conclude that

the trial court abused its discretion in setting aside the jury verdict and granting defendant a new trial.

II

Defendant also contends that even if a lesser included offense may carry the same penalty as the charged offense, the trial court erred in telling the jury that simple possession was a "less serious" crime than possession with intent to deliver. Defendant compares this situation to that addressed by the Supreme Court in *People v Vail*, 393 Mich 460; 227 NW2d 535 (1975). In *Vail*, the Court held that where the jury is permitted to consider a charge unwarranted by the proofs, prejudice is presumed because the defendant's chances of acquittal with regard to any valid charge are substantially decreased by the possibility of a compromise verdict. *Id.* at 464. However, we find defendant's analogy to *Vail* to be inapposite because defendant does not argue that the proofs did not support a conviction of possession with intent to deliver more than 650 grams of cocaine. In fact, the opposite is true; defendant vociferously contends that the conviction of simple possession of 650 grams of cocaine was flawed because "no rational view of the evidence would have supported a claim that he possessed the drugs without the intent to deliver them." Because defendant concedes that the evidence supported the instruction regarding possession with intent to deliver more than 650 grams of cocaine, he was not prejudiced by a compromise verdict convicting him of a lesser included offense.

In deciding to grant defendant a new trial, the trial court reasoned that if it had not instructed the jury

that simple possession was a "less serious" offense than possession with intent to deliver, the jury might have acquitted defendant. However, we find this to be mere speculation on the part of the trial court. The rule in Michigan is that neither the court nor counsel should address themselves to the question of the disposition of a defendant after the verdict. Furthermore, it is proper for the court to instruct the jury that it is not to speculate with regard to this issue and that it should confine its deliberations to the issue of guilt or innocence. *People v Goad*, 421 Mich 20, 25-26; 364 NW2d 584 (1984); see CJI2d 3.13. The trial court in fact instructed the jury that it should not allow the possible penalty to influence its decision. As a general rule, juries are presumed to follow their instructions. *People v Banks*, 438 Mich 408, 418; 475 NW2d 769 (1991), cert den 502 US 1065 (1992).

Defendant did not object to the jury instructions at trial; in fact, he indicated that he was satisfied with them. Therefore, our review is limited to the issue whether relief is necessary to avoid manifest injustice. *People v Haywood*, 209 Mich App 217, 230; 530 NW2d 497 (1995). Manifest injustice occurs where the erroneous or omitted instruction pertains to a basic and controlling issue in the case. *People v Johnson*, 187 Mich App 621, 628; 468 NW2d 307 (1991). We find that the trial court's statement that simple possession was a "less serious" crime than possession with intent to deliver did not lead to manifest injustice, and therefore defendant is not entitled to relief.

III

Next, defendant maintains that the failure of his trial counsel to object to the instruction regarding

simple possession constitutes ineffective assistance of counsel. A defendant that claims that he has been denied the effective assistance of counsel must establish that (1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms, and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different. *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy, and he must show that but for counsel's error, there is a reasonable probability that the outcome of the trial would have been different. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994), cert den sub nom *Michigan v Caruso*, 513 US 1121 (1995).

Defendant relies on *Gridiron (On Rehearing)*, *supra*. In *Gridiron*, the defendant was charged with possession with intent to deliver over 225 but less than 650 grams of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), and his defense counsel requested an instruction regarding simple possession of over 225 but less than 650 grams of cocaine, MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii). The defendant was then convicted of simple possession. This Court held that defense counsel, in requesting an instruction regarding simple possession, rendered ineffective assistance of counsel because there was no logical reason why a defendant charged under § 7401(2)(a)(ii) would want a simple possession instruction under § 7403(2)(a)(ii), because the penalty for the two offenses was the same, but a conviction pursuant to § 7403(2)(a)(ii) requires proof of fewer

elements than a conviction under § 7401(2)(a)(ii). *Id.* 369-370.

We find that the instant case is distinguishable from *Gridiron.* In contrast to *Gridiron,* where the defense counsel requested and received the instruction, here the defendant's trial counsel merely failed to object to the prosecutor's request for an instruction regarding simple possession. As discussed above, the trial court must instruct the jury with regard to a necessarily included lesser offense if the prosecutor requests it. *Hendricks, supra; King, supra.* Thus, the instruction was proper, and defendant was not prejudiced by his counsel's failure to object. As the Supreme Court has noted:

> Defense counsel's objection to the giving of the instruction on lesser included offenses is not controlling. It is the duty of the trial court to instruct the jury as to the law applicable to the case. MCLA 768.29; MSA 28.1052. Neither the defense nor the prosecution has the option of precluding the court from carrying out this duty in hopes of forcing an "all or nothing" verdict. [*People v Chamblis,* 395 Mich 408, 415; 236 NW2d 473 (1975), overruled in part on other grounds in *People v Stephens,* 416 Mich 252; 330 NW2d 675 (1982).]

Thus, defense counsel's failure to object to a proper jury instruction regarding a lesser included offense does not constitute ineffective assistance of counsel. Defense counsel was not required to raise a meritless objection. See *People v Gist,* 188 Mich App 610, 613; 470 NW2d 475 (1991).

Reversed and remanded for reinstatement of the jury verdict. We do not retain jurisdiction.