# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

AKASH L. SHAH,

        Defendant-Appellant.

UNPUBLISHED
April 20, 2017

No. 330752
Oakland Circuit Court
LC No. 2015-254680-FH

Before: SAWYER, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his conviction for operating while visibly impaired (OWVI), MCL 257.625(3). We affirm defendant's conviction, but we remand for the administrative correction of the judgment of sentence.

On July 5, 2013, defendant worked at his job from 9 a.m. to 6 p.m., then went home and entertained out-of-state family members until he went to bed around midnight. Defendant woke up at 5 a.m. the next day and worked from 7 a.m. to 4 p.m. That evening, after defendant got home from work, he hosted a dinner for his out-of-state family. Around 8 p.m., while cleaning up from dinner, defendant's friend invited him to a bar to play darts. Defendant met his friend at around 9 p.m. Between 9 p.m. and 11 p.m., defendant consumed three to four 16-ounce light beers. Around 11 p.m., defendant switched to drinking water. Defendant eventually left the bar around 1 a.m. On his way home, defendant remembered that his wife had mentioned that she was still hungry because she was not able to eat much at dinner. Defendant pulled over and texted his wife to see if she was still hungry. While waiting for his wife to respond, defendant fell asleep.

Officer Robert Manar, a police officer for the city of Novi, spotted defendant's vehicle on the side of the road, angled so that its front end was towards the middle of the road. The vehicle's lights were on and its engine was running. Officer Manar approached the vehicle and saw that the driver's side window was open. In the vehicle, Officer Manar saw that defendant was asleep in the driver's seat and the vehicle was in park. Officer Manar first attempted to wake defendant by speaking to him. When that did not work, Officer Manar reached in and shook defendant awake. Officer Manar asked defendant to step out of the vehicle and give the officer his identification. When defendant got out of the vehicle, Officer Manar smelled the odor of intoxicants on defendant's breath. Defendant seemed confused about where his wallet was,

and Officer Manar told him that it was on his person. Defendant then took his wallet out and began fumbling with his identification until Officer Manar told defendant that his ID was showing. When Officer Manar asked defendant if he had been drinking, defendant responded by saying that "he had too much of everything."

Officer Manar then administered a field sobriety test. Officer Manar could not remember whether defendant passed his Horizontal Gaze Nystagmus (HGN) test. After the HGN, Officer Manar had defendant perform a walk and turn. When defendant began the walk and turn, he stumbled to the point that the officer believed that defendant was going to fall over. Officer Manar also noticed that defendant was constantly stepping off the line and that he appeared unable to keep a straight line. The officer also had defendant perform a one-leg stand. Defendant failed to perform the test and explained to the officer that he did not have the balance for it. Officer Manar next asked defendant to recite the ABC's, starting with the letter "C" and ending at "L." Defendant was unable to finish on his first attempt but completed the sequence on his second attempt. Officer Manar next asked defendant to count backwards starting at 78 and ending at 67. Defendant continued counting past 67, and the officer eventually stopped defendant when he reached 62. At trial, defendant explained that he was tired when the officer roused him from his sleep, that he had bad balance due to an injury on his foot, and that he was confused regarding the officer's instructions for the ABCs and counting tests.

Based on defendant's admission that he was drinking, the position of his car, his performance on the field sobriety tests, and his general confusion, Officer Manar believed that defendant was likely intoxicated. Officer Manar placed defendant under arrest and took him back to the police station. Once there, Officer Manar procured a warrant for defendant's blood. The results of defendant's blood samples revealed a blood alcohol level of 0.23 grams per 100 milliliters of blood. An expert testified on behalf of defendant that the amount of alcohol defendant consumed that night could not have resulted in this high of an alcohol content. The expert explained that the sample was likely tainted by bacteria and then fermented, causing the level to appear higher than defendant's actual level at the time the blood was drawn. The prosecution's expert disagreed with this suggestion.

Before trial, defendant was charged with operating while intoxicated (OWI), MCL 257.625(1). The prosecution did not submit jury instructions before trial, and the defense counsel only submitted instructions for OWI. At trial, after both parties presented proofs but before closing arguments, defense counsel objected to the prosecution's proposal to include the elements of OWVI. The trial court overruled defendant's objections and gave instructions for both OWI and OWVI. The jury found defendant guilty of only OWVI. Defendant then filed a motion for a directed verdict of acquittal after jury trial, judgment notwithstanding the verdict, or new trial, which the trial court denied.

On appeal, defendant argues that the trial court erred by instructing the jurors regarding OWVI because it is not a necessarily included lesser offense of OWI. This Court "review[s] de novo a trial court's ruling on a necessarily included lesser offense instruction." *People v Walls*, 265 Mich App 642, 644; 697 NW2d 535 (2005).

Defendant was charged with OWI under MCL 257.625(1).[1] MCL 257.625(3), the OWVI statute, states in pertinent part, "If a person is charged with violating subsection (1), a finding of guilty under this subsection may be rendered." Generally, MCL 768.32(1)[2] controls the determination of whether a particular crime is a necessarily included lesser offense. *People v Cornell*, 466 Mich 335, 353-354; 646 NW2d 127 (2002) (stating that "MCL 768.32 only allows a jury to consider necessarily included lesser offenses"). However, in *People v Martin*, 271 Mich App 280, 294-295; 721 NW2d 815 (2006), this Court stated that "where the statutory language of a particular offense indicates a contrary intent, that specific intent will control over the general rule stated under MCL 768.32(1)." Thus, as the text of MCL 257.625(3) makes clear, the Legislature intended for OWVI to be a necessarily included lesser offense of OWI.

Moreover, our Courts have recognized that OWVI meets the test for a necessarily included lesser offense. In *People v Lambert*, 395 Mich 296, 305; 235 NW2d 338 (1975), our Supreme Court stated, "The distinction between [MCL 257.625(1)] and the lesser included offense of [MCL 257.625(3)] is the degree of intoxication which the people must prove." More recently, in *Oxendine v Secretary of State*, 237 Mich App 346, 354-355; 602 NW2d 847 (1999), this Court reiterated that "[OWVI] and the 'under the influence' version of [OWI] are in a hierarchical relationship, because any person who drives while so affected by consumption of alcohol or a controlled substance as to be substantially and materially affected and thus commit [OWI] would plainly always also be so affected that the person's driving ability would be

---

[1] MCL 257.625(1) states as follows:

A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means any of the following:

(a) The person is under the influence of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance.

(b) The person has an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine, or, beginning October 1, 2018, the person has an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine

[2] MCL 768.32(1) states as follows:

Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.

'visibly impaired' and thus constitute [OWVI]." Accordingly, the trial court did not err by holding that OWVI was a necessarily included lesser offense of OWI.

Defendant also argues that the trial court erred by instructing the jury regarding OWVI because he was not given notice of the charge. This claim lacks merit. "[A] defendant is on notice when charged that he or she may be found guilty of a necessarily included lesser offense of the offense charged." *Martin*, 271 Mich App at 288. "Hence, it is not error to instruct the jury on such necessarily included lesser offenses." *Id*. "In general, the duty of the trial court to instruct with regard to lesser included offenses is determined by the evidence." *People v Torres*, 222 Mich App 411, 416; 564 NW2d 149 (1997). "When an offense is necessarily included, the evidence will always support the lesser offense if it supports the greater." *Id*. Thus, if evidence supports instruction for the greater offense, the trial court must instruct the jury on a necessarily lesser included offense at the request of either party. *Id*.

Here, as previously discussed, OWVI is a necessarily included lesser offense of OWI. See *Lambert*, 395 Mich at 305; see also *Oxendine*, 237 Mich App 354-355. Defendant does not contest that the instructions for OWI were proper. See *Torres*, 222 Mich App at 416. Thus, because the prosecution requested the instruction for OWVI, the trial court did not err by giving the instruction. See *Martin*, 271 Mich App at 288.

Defendant also argues that there was insufficient evidence to support his conviction for OWVI. "Challenges to the sufficiency of the evidence are reviewed de novo." *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). "To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, we review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013) (citation and quotation marks omitted).

This "review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Gonzalez*, 468 Mich 636, 640-641; 664 NW2d 159 (2003) (citation and quotation marks omitted). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). "The scope of review is the same whether the evidence is direct or circumstantial. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (citation and quotation marks omitted). "Even in a case relying on circumstantial evidence, the prosecution need not negate every reasonable theory consistent with the defendant's innocence, but need merely introduce evidence sufficient to convince a reasonable jury in the face of whatever contradictory evidence the defendant may provide." *Hardiman*, 466 Mich at 423-424 (citation and quotation marks omitted).

To convict a defendant of OWVI, the prosecution must prove that, "due to the consumption of alcoholic liquor . . . or other intoxicating substance, the person's ability to operate the vehicle is visibly impaired." MCL 257.625(3). In other words, the prosecution must prove that, due to intoxication, the defendant "drove with less ability than would an ordinary, careful and prudent driver." *Lambert*, 395 Mich at 305.

-4-

Here, Officer Manar found defendant's vehicle parked on the side of the road, the car was running, and defendant was asleep. Although, as defendant correctly points out, no one saw defendant drive his car, this is not a requirement under MCL 257.625(3). MCL 257.625(3) only requires that "the person's ability to operate the vehicle is visibly impaired," not that a person witness defendant's ability be visibly impaired. See *People v Stephen*, 262 Mich App 213, 219; 685 NW2d 309 (2004) (holding that an officer does not need to actually witness a person driving a vehicle to arrest the person for OWI). Officer Manar testified that he believed that defendant was intoxicated based on defendant's performance on his field sobriety tests, and defendant testified that he drove. Moreover, defendant's blood tested positive for the presence of alcohol. See *People v Miller*, 357 Mich 400, 407; 98 NW2d 524 (1959) (blood alcohol concentration "is properly admissible as bearing upon the issue of intoxication"). Based on this circumstantial evidence, the jury could have concluded that defendant operated his vehicle with less ability than an ordinary careful driver. *Nowack*, 462 Mich at 400.

Further, defendant testified that he drank three or four beers at a bar before driving. Based on this evidence, if the jury concluded that defendant's ability to drive was weakened, evidence supported the fact that this weakened ability was due to defendant's consumption of alcohol. Although defendant presented evidence at trial that his ability was impaired due to sleepiness rather than alcohol, "the prosecution need not negate every reasonable theory consistent with the defendant's innocence." *Hardiman*, 466 Mich at 423-424 (citation and quotation marks omitted). A jury is "free to believe or disbelieve, in whole or in part, any of the evidence presented," *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999), and in a light most favorable to the prosecution, the jury could have reasonably inferred that defendant was operating his vehicle in a manner less than that of an "ordinary, careful and prudent driver," *Lambert*, 395 Mich at 305.

For the foregoing reasons, there were no errors in the three issues defendant has raised on appeal. Therefore, the trial court did not abuse its discretion by refusing to grant defendant's motion for a new trial. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008).

In reviewing the record to analyze the issues raised on appeal, we came across an error in defendant's judgment of sentence that, while not meriting substantive relief, nevertheless requires us to remand this case to the trial court to correct the administrative error. Specifically, defendant's judgment of sentence reflects a conviction under MCL 257.625(6)(d), which is not the relevant section for OWVI. Accordingly, we remand this case to the trial court for the administrative task of correcting defendant's judgment of sentence. See *People v Herndon*, 246 Mich App 371, 392-393; 633 NW2d 376 (2001).

Remanded for the task of correcting the error in the judgment of sentence. Otherwise, affirmed. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Henry William Saad
/s/ Michael J. Riordan

-5-