# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEFFREY HAROLD STEFANSKI,

Defendant-Appellant.

UNPUBLISHED
October 23, 2018

No. 334510
Chippewa Circuit Court
LC No. 15-001741-FC

---

Before: BECKERING, P.J., and RIORDAN and CAMERON, JJ.

PER CURIAM.

Defendant, Jeffrey Stefanski, was convicted by jury of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c. The trial court sentenced Stefanski to concurrent prison terms of 11 to 40 years for the CSC-I convictions, and 2 to 15 years for the CSC-II conviction. On appeal, Stefanski claims he was denied the effective assistance of counsel and that the trial court erred when it allowed the admission of other acts evidence. We affirm.

Stefanski, who was 46 years old at the time of trial, owned a house and cabin in northern Michigan. According to the victim, Stefanski allowed him and other teenage boys to use his house and cabin to drink alcohol and party. The victim testified at trial that on two occasions Stefanski inserted his penis into the victim's mouth while the victim was so intoxicated that he claimed "there wasn't really anything I could do. I tried pushing him off but I literally had no strength in me." The victim testified that on a different occasion, Stefanski put his penis against the victim's anus while the victim was intoxicated and nearly unconscious. The victim rolled away before penetration occurred. Based on this and other testimony, the jury found Stefanski guilty of two counts of CSC-I and one count of CSC-II.

On appeal, Stefanski argues that his trial counsel was ineffective for failing to confront a witness's false statement with available documents, for failing to object to an incomplete limiting instruction, for failing to properly object to hearsay evidence, and for failing to file a timely motion to exclude evidence of other acts. He further argues that the trial court erred in denying

his motion to exclude the admission of other acts evidence. We conclude that the trial court, after conducting a *Ginther*[1] hearing, did not err when it denied Stefanski's claims.

## I. INEFFECTIVE ASSISTANCE

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). "Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo." *Id*. at 188. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963 art 1, § 20. This right to counsel encompasses the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). To establish a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). The defendant must also show that the resultant proceedings were fundamentally unfair or unreliable. *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). The effective assistance of counsel is presumed, and the defendant bears the heavy burden of proving otherwise. *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001).

### A. THE VICTIM'S MOTIVATION

Stefanski first argues that his trial counsel was ineffective for not using court records during trial to impeach a witness, which would have supported Stefanski's theory that the victim falsely accused him of sexual assault to obtain leniency in an unrelated probation violation case. We disagree.

Stefanski insists that the timing of the victim's disclosure of sexual assault is important. The victim's first disclosure was to Jennifer France, the defense attorney appointed to represent the victim on his pending probation violation case. The victim readily admitted at trial that his sexual assault disclosures were made to his attorney, and later to the police, *after* he had been charged with violating his probation, but before he was sentenced. However, the victim denied that he was trying to use the sexual assault claims for leniency in his probation violation case or that he expected to "get anything out of it."

Although France's testimony at trial was generally consistent with the victim's testimony of the disclosure, France provided slightly different testimony regarding the circumstances of the

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

disclosure. Unlike the victim, France denied that the victim had a "pending" criminal matter when she was told about the sexual assault. On cross examination, France claimed the victim "was on probation but he wasn't charged with any new crimes" when the sexual assault was disclosed to the police.

Stefanski argues that his trial counsel was ineffective for failing to impeach France's testimony with court records that clearly showed the disclosure to France occurred after the probation violation warrant was filed. This failure to impeach France, Stefanski argues, undermined Stefanski's "motive-to-falsify theory" and enabled the prosecution to inaccurately state during rebuttal closing argument: "We all heard what Ms. France said. She said 'He was not in trouble when he told.' He came in, talked to Ms. France, talked to Detective Postma and left. He wasn't locked up. He wasn't in jail." On appeal, Stefanski uses the victim's probation records admitted at the *Ginther* hearing showing that the victim was indeed facing charges of violating his probation when he reported the sexual assault on August 5, 2014.[2]

Defense counsel's performance was not constitutionally deficient for failing to impeach France with court records from the victim's probation file. Although defense counsel could have impeached France with these records, the fact remains that the victim himself readily admitted that he was facing a probation violation when he disclosed the sexual assault. Therefore, the probation documents would have demonstrated that the victim testified truthfully, bolstering his credibility. Further, the significance of impeaching France on this issue was diminished by France's acknowledgement that she asked the trial court handling the probation violation sentencing to impose a lenient sentence because of the victim's cooperation in the sexual assault case. Thus, Stefanski's trial counsel elicited ample evidence to support the defense's "motive-to-falsify theory," and a failure to impeach France on this issue was not deficient performance.[3]

Even if trial counsel was deficient in this regard, Stefanski cannot demonstrate prejudice. Counsel's performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667. Stefanski argues that this case was strictly a credibility contest between him and the victim, and the failure to present information that would impact the credibility assessment was fatal to his defense. However, apart from information about the victim's possible motive, there were other witnesses who corroborated the victim's testimony regarding the sexual assault. Specifically, three other young men testified that they had visited Stefanski's house and cabin, had access to alcohol and pornography in a sexually charged environment in

---

[2] The probation file record establishes that on June 30, 2014, a bench warrant was signed and defendant was arrested. He was then arraigned on July 8, 2014. Another record shows that on July 16, 2014, the victim was notified that a probation violation hearing would be held on August 5, 2014. Thus, the victim had a probation violation pending at the time he spoke to France and the police.

[3] We note that the trial court at the *Ginther* hearing acknowledged that France may have been "speaking about two different things because [the victim] testified openly that he was on probation."

which Stefanski made sexual remarks, encouraged them to wear only board shorts, and had them watch or participate in a game where Stefanski and others would masturbate and "race" to see who could ejaculate first. Defendant would also jokingly grab at their crotches. One of the witnesses testified to having seen defendant grasp the victim's penis, and one night he walked downstairs to observe the victim lying on a bench and defendant in the corner masturbating. The witness recalled that the victim looked sweaty and ravaged, with a blanket on his lower half and no shirt, and defendant was nude. Thus, the jury considered other evidence that corroborated the victim's testimony, and the contradiction about the timing of the victim's probation violation proceedings was not outcome determinative.

## B. LIMITING INSTRUCTION

Stefanski next argues that his trial attorneys were deficient for failing to object when the trial court gave an incomplete instruction limiting the jury's consideration of other acts evidence. We disagree.

Where evidence of a defendant's other acts is admitted under MRE 404(b), the "defendant is entitled to a carefully crafted limiting instruction advising the jurors that they are to consider the other acts evidence only as indicative of the reasons for which the evidence is proffered to cushion any prejudicial effect flowing from the evidence." *People v Martzke*, 251 Mich App 282, 295; 651 NW2d 490 (2002).

Here, the trial court granted the prosecutor's motion to introduce evidence of Stefanski's other acts, explaining that it was not character evidence but properly admitted evidence showing "desensitization." At trial, there was evidence admitted that Stefanski created an atmosphere at his home and cabin meant to desensitize teenage boys to sexual contact by providing alcohol and pornography to them, and that Stefanski encouraged the young men to engage in acts of mutual masturbation. Also, although not part of the other acts evidence, the victim testified twice during trial that Stefanski had been arrested for child pornography on his computer. After denying Stefanski's motion for a mistrial, the trial court agreed to provide a limiting instruction at the end of trial to "disregard [the victim's statements about defendant's arrest for child pornography] and any prior commentary about that from [the victim] and I'll be specific in the instruction." Defense counsel had requested the model jury limiting instruction.[4] There was no discussion at the end of trial about a "special instruction" addressing testimony about Stefanski's arrest for child pornography, however. Instead, the trial court instructed the jury as follows:

> You have heard evidence that was introduced to show that the defendant committed improper acts for [which] he is not on trial. You must not consider this evidence for any other purpose. For example, you must not decide that it shows that the defendant is a bad person or that he is likely to commit crimes.

> You must not convict the defendant here because you think he's guilty of other bad conduct. All the evidence must convince you beyond a reasonable

---

[4] See M Crim JI 4.11.

doubt that the defendant committed the alleged crime or you must find him not guilty.

Stefanski's trial counsel did not object to the instruction.

Stefanski claims that his trial attorney was ineffective for failing to object when the trial court gave an incomplete jury instruction limiting the jury's consideration of other acts evidence. Stefanski first points out that the trial court failed to give the specific instruction that "it had promised" in order to lessen the prejudicial effect of Stefanski's arrest for child pornography. Instead, the trial court gave a less specific standard jury instruction for limiting evidence under M Crim JI 4.11 that would cover all of the "other acts evidence," but in doing so omitted the second paragraph from the instruction. That paragraph of M Crim JI 4.11 states: "If you believe this evidence, you must be very careful only to consider it for certain purposes. You may only think about whether this evidence tends to show: . . . *[State other proper purpose for which evidence is offered.]*" Defense counsel never objected to the jury instruction, and on appeal, Stefanski provides no authority supporting the assertion that the trial court was obligated to provide the model instruction exactly as written or how defense counsel's failure to ensure this paragraph was included prejudiced him. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Stefanski's entire analysis of this issue is limited to a single sentence in his brief on appeal: "[d]efendant maintains that in both these regards, his trial counsel's failure to act constituted deficient performance, which denied him a fair trial before a properly instructed jury." Accordingly, defendant has abandoned this issue.

Regardless, the trial court's instruction directed the jury to not consider the evidence for the purpose of showing Stefanski is a bad person or is more likely to commit crimes. The trial court's instruction was sufficient to instruct the jurors that they could consider the other acts evidence only with regard to the fact that Stefanski may have engaged in other acts, and that the jury could not convict Stefanski in this case based on uncharged misconduct.[5] Stefanski's trial counsel did not ask for an instruction to address the victim's statement that Stefanski had been arrested for having child pornography on his computer. However, the jury was instructed to not consider the evidence of Stefanski's arrest on unrelated charges to establish guilt in this case. Because the jury is presumed to follow these instructions, *People v Torres*, 222 Mich App 411, 423; 564 NW2d 149 (1997), we conclude there is no reasonable probability that the incomplete instruction was prejudicial. Therefore, Stefanski was not denied the effective assistance of counsel.

## C. PRIOR CONSISTENT STATEMENT

Next, Stefanski argues that his trial counsel was ineffective for failing to properly object to hearsay testimony from the victim's mother. We disagree.

---

[5] At the *Ginther* hearing, defense counsel testified that the jury received the written instruction to consider.

The victim's mother testified about a conversation she had with her son during a phone call while he was in jail. During the call, the victim was crying and told her that Stefanski had done "something to him," implying that Stefanski sexually assaulted him. The challenged brief exchange elicited during direct examination provided:

> [*Prosecutor*]: What did he tell you?
>
> [*Victim's Mother*]: He told me that what um, -- he showed me -- he called from the jail -- and he was crying. He said you know I told what happened. He explained a bit about -- because I didn't know all the details because of where he was calling me from about what had -- *something had happened between him and Mr. Stefanski.*
>
> *Prosecutor*: To the extent that he shared the details; what did he say?
>
> *Victim's Mother*: I'm sorry?
>
> *Prosecutor*: To the extent that he shared details with you; what did he say?
>
> *Victim's Mother*: Just that he kind of -- he didn't come right out and say it but um, he said something similar to it was -- gosh it was a while ago, *that had did something to him. Mr. Stefanski had did something to* [*the victim*] and then I was crying. I was really upset. I don't remember much of the conversation because it was hard to hear that from your kid -- you can't even hold him.
>
> *Prosecutor*: Did he imply it was sexual?
>
> *Victim's Mother*: Yes. It's not something I connected the dots on with my son. [Emphasis added.]

The trial court initially sustained defense counsel's timely objection to the mother's testimony as hearsay. However, the trial court reversed its decision following the prosecutor's argument that the statement was not hearsay because it was a prior consistent statement under MRE 801(d). Because defense counsel claimed in his opening statement that the victim's testimony was a lie, the trial court agreed and allowed the testimony.

Stefanski argues that his trial counsel failed to make the proper objection to the mother's testimony. However, even assuming the mother's vague summary of her conversation with her son constitutes a statement,[6] hearsay was the proper objection. See MRE 801(c). A prior consistent statement is not hearsay if it is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or

---

[6] "A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." MRE 801(a).

improper influence or motive." MRE 801(d)(1)(B). Stefanski suggests that his trial counsel was deficient for failing to inform the trial court that the statement could not be a prior consistent statement because under MRE 801(d)(1)(B), the declarant had a motive to fabricate when he made the statement. According to *People v Jones*, 240 Mich App 704, 707; 613 NW2d 411 (2000), "the prior consistent statement must be made prior to the time that the supposed motive to falsify arose."

We agree that, assuming the mother's summary constitutes a statement under MRE 801(a), the testimony was inadmissible hearsay because MRE 801(d)(1)(B) was not applicable. Here, the motive to fabricate arose when the victim was charged with violating his probation. The victim's mother stated that the victim told her about the sexual assault after he was jailed on the probation violation. Thus, defense counsel could have properly argued that the statements from jail were inadmissible under MRE 801(d)(1) because the consistent statement was made after there was a motive to make false allegations. Although defense counsel objected to the testimony on hearsay grounds, he failed to raise this more specific hearsay objection.

However, Stefanski cannot show that the testimony from the victim's mother prejudiced him. As already described, the mother's recollection of the victim's disclosure was extremely vague and it is doubtful that the jury gave it much weight, particularly in light of more definitive testimony from other witnesses like France and the investigating detective. Further, given that her testimony was that the victim disclosed the sexual assault *after* he was jailed for violating his probation, her testimony actually bolstered Stefanski's motive-to-falsify theory. Therefore, Stefanski was not denied the effective assistance of counsel.

## D.  UNTIMELY MOTION IN LIMINE

Stefanski argues that his trial counsel failed to timely file a motion to exclude evidence of his other acts under MRE 404(b). We disagree.

On May 6, 2016, Stefanski filed a motion in limine to exclude evidence of other sexual acts, including masturbation, indecent exposure, pornography, and that he maintained a sexualized atmosphere in his home and cabin. The trial court denied the motion because it was untimely filed and it lacked merit. The trial court explained that the challenged evidence was admissible because it was not character evidence and was offered for a proper purpose. As discussed below, the trial court did not err in reaching this conclusion. Any deficient performance in filing an untimely motion to exclude evidence was inconsequential because the motion was also denied on substantive grounds. Therefore, Stefanski has not proven he was denied the effective assistance of counsel.

## II. OTHER ACTS EVIDENCE

Finally, Stefanski argues on appeal that the trial court erred in overruling his objection to the admission of other acts evidence. We disagree.

Whether other acts evidence was properly admitted is reviewed for an abuse of discretion. *People v McGhee*, 268 Mich App 600, 610; 709 NW2d 595 (2005). The trial court

does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

Except as allowed by MRE 404(b), evidence of other acts or crimes by a defendant is excluded so as to avoid the danger of a conviction based on a defendant's history of misconduct. *People v Starr*, 457 Mich 490, 495; 577 NW2d 673 (1998). MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

This list is not exhaustive, *People v Sabin (After Remand)*, 463 Mich 43, 56; 614 NW2d 888 (2000). Evidence is not subject to MRE 404(b) analysis solely because it discloses a bad act; bad acts can be independently relevant as substantive evidence. *People v Houston*, 261 Mich App 463, 468-469; 683 NW2d 192 (2004). Also, even if evidence reflects on a defendant's character, it may be admissible under MRE 404(b) if it is relevant to a noncharacter purpose. *People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010).

As noted above, Stefanski sought to exclude evidence of his "sexually-themed conduct" with several witnesses, including "encouraging (or requiring) his young male visitors to wear 'board shorts,' and nothing else, touching them inappropriately, providing them with pornography, engaging with them in masturbation, all of which was accompanied by free-flowing alcohol." The trial court found that such evidence was not character evidence and was properly offered for the purpose of demonstrating Stefanski's efforts to sexually desensitize young men, including the victim.

Generally, to be admissible under MRE 404(b), other acts evidence (1) must be offered for a proper purpose, (2) must be relevant, and (3) its probative value must not be substantially outweighed by its potential for unfair prejudice. *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004), citing *People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993). A proper purpose is one other than the establishment of the defendant's character and his propensity to commit the crime. *People v Johnigan*, 265 Mich App 463, 465; 696 NW2d 725 (2005).

Stefanski argued below that the evidence showed his bad character and was not offered for a proper purpose. However, the evidence demonstrated Stefanski's lack of sexual boundaries and his sexualized manner of relating to the victim. Thus, this evidence was properly admitted because it was offered to show the context of Stefanski's relationship with the victim and his friends, not to demonstrate Stefanski's bad character.

Stefanski, however, argues that this evidence was not relevant to the charges against him. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401; *Wayne Co v Mich State Tax Comm*, 261 Mich App 174, 196;

682 NW2d 100 (2004). "Under this broad definition," evidence that is useful in shedding light on any material point is admissible. *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001). Stefanski argues that, besides the evidence of alcohol use, these acts had no relationship to the allegations of nonconsensual sexual behavior. Stefanski claims that the grooming behavior alleged to have desensitized the victim is not relevant to the sexual assault. Specifically, these acts had no part in Stefanski's alleged sexual assault of the victim while he was intoxicated. However, the prosecution notes that this Court has found such evidence relevant in the following circumstance:

> [W]hen a defendant is charged with unlawful sexual acts, it is proper to admit evidence of uncharged activities between the defendant and the victim when that evidence enhances credibility, shows familiarity, explains and gives context to the relationship, forms a link in the chain of events, allows the jury to appreciate the full range and nature of the interactions between the defendant and the victim, and otherwise provides the jurors with the full or entire story, instead of leaving the jurors to view events in a vacuum. [*People v Sardy*, 313 Mich App 679, 729; 884 NW2d 808 (2015), citing *People v DerMartzex*, 390 Mich 410, 415; 213 NW2d 97 (1973).]

In this case, the behavior was relevant to demonstrate Stefanski's sexually charged relationship with the victim and the sexualized environment in which they related. The evidence of Stefanski's encouragement of visitors to wear only board shorts, the availability of pornography, the intrusive touching of genitals, and the simultaneous acts of mutual masturbation was relevant to the charged crimes because that sexually charged environment, coupled with excessive alcohol consumption, made it more likely that sexual contact would occur, including nonconsensual acts. Evidence that Stefanski's interactions with the victim were often sexually charged increased the likelihood that Stefanski would sexually assault the victim while he was intoxicated.

Stefanski argues that the evidence was highly prejudicial because of its inflammatory nature and lack of relevance. Even if relevant, evidence may be excluded under MRE 403 if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *People v Watkins*, 491 Mich 450, 481; 818 NW2d 296 (2012). Unfair prejudice occurs when there is a tendency for the evidence to be "given undue or preemptive weight" by the jury, or when it "would be inequitable to allow the use of such evidence. *Taylor v Mobley*, 279 Mich App 309, 315; 760 NW2d 234 (2008). " 'Unfair prejudice' does not mean 'damaging.' " *Lewis v Legrow*, 258 Mich App 175, 199; 670 NW2d 675 (2003) (citation omitted). Evidence that is unfairly prejudicial goes beyond the merits of the case to inject issues broader than the defendant's guilt or innocence, such as "bias, sympathy, anger, or shock." *McGhee*, 268 Mich App at 614 (citation omitted).

In *Watkins,* 491 Mich at 487-488, the Court enumerated several examples of factors that may lead a trial court to exclude evidence as unfairly prejudicial under MRE 403:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of

the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony.

In this case, rather than support the exclusion of the challenged evidence, these factors weigh in favor of its admission as probative of grooming behavior leading to a sexual assault. Additionally, there was an element of reliability to the evidence since the testimony of four witnesses generally supported each other's similar statements regarding the evidence. The probative value of the evidence, which provided the jury with the context of the relationship between Stefanski and the victim, outweighs any prejudicial effect. The trial court did not abuse its discretion in denying Stefanski's motion to exclude other acts evidence.

Affirmed.


/s/ Jane M. Beckering
/s/ Michael J. Riordan
/s/ Thomas C. Cameron