PEOPLE v COUNCELL

Docket No. 126982. Submitted March 4, 1992, at Grand Rapids. Decided May 5, 1992, at 9:00 A.M.

Jeffery Councell pleaded guilty in the Branch Circuit Court of malicious destruction of property with a value over $100. The court, Michael H. Cherry, J., sentenced the defendant to four years' probation and ordered him to make restitution. After the defendant refused to abide by the conditions of his probation and to pay restitution, the court changed the sentence to imprisonment for thirty to forty-eight months. The defendant appealed.

The Court of Appeals *held:*

Because the change in sentence was not a valid modification of an existing sentence or a valid revocation of probation, the prison sentence must be vacated.

1. MCR 6.429(A) provides that a court may correct an invalid sentence, but it may not modify a valid sentence after it has been imposed except as provided by law. Because there was no error or defect in the sentence or sentencing procedure in this case that would have entitled the defendant to resentencing, the original sentence of probation was valid and could not be modified.

2. The change in sentence cannot be justified as the result of a revocation of probation because the requirements of MCL 771.4; MSA 28.1134, under which the probationer must receive a written copy of the charges constituting the claim that probation was violated, were not satisfied.

3. Subsequent probation revocation proceedings and resentencing, if any, are to be conducted by a different judge, and the sentence must comply with the principle of proportionality.

Reversed and remanded.

SENTENCES — MODIFICATION.

A sentencing court may correct an invalid sentence, i.e., one that

REFERENCES

Am Jur 2d, Criminal Law §§ 580-586.

Power of court to increase severity of unlawful sentence—modern status. 28 ALR4th 147.

involves an error or defect in the sentence or sentencing procedure that entitles the defendant to resentencing; a valid sentence generally may not be modified after it has been imposed (MCR 6.429[A]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John L. Livesay,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*Janel S. Fain,* for the defendant on appeal.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

PER CURIAM. Defendant Jeffery Councell pleaded guilty to a charge of malicious destruction of property over $100. MCL 750.377a; MSA 28.609(1). On March 2, 1990, defendant was sentenced to four years' probation. He subsequently refused to sign the probation order because it required him to obtain approval from the probation department before he could see his fiancée. Defendant also refused to make required restitution of $300, claiming that the vehicle he had damaged was not worth that much. On March 9, 1990, he was again brought before the court and was sentenced to a prison term of thirty to forty-eight months. Defendant appeals and we reverse.

The essential question presented by this appeal is whether, under these facts, the trial court had authority to sentence defendant to prison after having earlier sentenced him to probation. We find no such authority.

We note initially that the prison term imposed upon defendant is not justifiable as a valid modification of an existing sentence. Once a sentence has

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

been imposed, the trial court's ability to alter it is severely limited. MCR 6.429(A) provides that "[t]he court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law." See also *People v Barfield,* 411 Mich 700; 311 NW2d 724 (1981). "Invalid sentence" refers to an error or defect in the sentence or sentencing procedure that entitles a defendant to resentencing or to have the sentence changed. Mich Ct R, p R 6.4-13.

In this case there is no challenge to the validity of the original sentence of probation. Therefore, pursuant to MCR 6.429(A), the trial court lacked authority to modify it.

The challenged sentence also cannot be justified as the result of the purported revocation of defendant's probation. Although there is ample evidence to support the conclusion that the trial court regarded the March 9, 1990, proceeding as a probation revocation hearing, the procedure employed did not satisfy applicable statutory requirements. MCL 771.4; MSA 28.1134 provides that "the probationer shall be entitled to a written copy of the charges against him or her which constitute the claim that he or she violated probation. . . . " In the present case, the statute was not complied with, because defendant was not given written notice of the charges constituting the claim that he violated probation. The revocation of defendant's probation must therefore be reversed and his prison sentence vacated. *People v Ison,* 132 Mich App 61; 346 NW2d 894 (1984).

Subsequent probation revocation proceedings and resentencing, if any, shall be conducted by a different judge, and the sentence imposed shall comply with the principle of proportionality enun-

ciated in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). See *People v Peters,* 191 Mich App 159, 167-168; 477 NW2d 479 (1991).

Reversed and remanded.