PEOPLE v STRONG

Docket No. 175444. Submitted May 17, 1995, at Marquette. Decided
August 29, 1995, at 9:15 A.M.

Duel D. Strong pleaded guilty in the Delta Circuit Court, Stephen
T. Davis, J., of assault with intent to commit second-degree
criminal sexual conduct in exchange for dismissal of charges of
second-degree criminal sexual conduct and habitual offender,
third offense. At the sentencing hearing, the court, on its own
motion and without the consent of the defendant, vacated the
conviction after the defendant made protestations of innocence.
A jury subsequently convicted the defendant of second-degree
criminal sexual conduct. The defendant then pleaded guilty of
being a third-offense habitual offender and was sentenced ac-
cordingly. The defendant appealed.

The Court of Appeals *held:*

Pursuant to MCR 6.310(B) and (C), a trial court has the
authority to allow the withdrawal of a plea before sentence
upon a motion by the defendant or on the court's own motion
with the consent of the defendant and the authority to vacate a
plea before sentence upon a motion by the prosecutor based on
the defendant's failure to comply with the terms of a plea
agreement. Because none of these situations occurred in this
case, the trial court erred in vacating the defendant's plea of
guilty of assault with intent to commit second-degree criminal
sexual conduct. The defendant's convictions of second-degree
criminal sexual conduct and habitual offender are reversed,
and the case is remanded to the trial court, which must permit
the defendant to plead guilty of assault with intent to commit
second-degree criminal sexual conduct.

Reversed and remanded.

CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OR VACATION BEFORE
SENTENCE.

A plea that has been accepted by a trial court may be withdrawn

REFERENCES

Am Jur 2d, Criminal Law §§ 481, 500-502.

See ALR Index under Guilty Plea; Vacating or Setting Aside;
Withdrawal.

before sentence only upon a motion by the defendant or on the court's own motion with the consent of the defendant, or may be vacated before sentence only upon a motion by the prosecutor based on the defendant's failure to comply with the terms of a plea agreement (MCR 6.310[B], [C]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Thomas L. Smithson,* Prosecuting Attorney, and *Jonathan C. Pierce,* Assistant Attorney General, for the people.

*Lynn M. Jovanovich* and *Mark Peter Stevens,* for the defendant.

Before: GRIFFIN, P.J., and SMOLENSKI and R. L. ZIOLKOWSKI,* JJ.

GRIFFIN, P.J. Following the trial court's vacation of defendant's plea of guilty of assault with intent to commit second-degree criminal sexual conduct, MCL 750.520g(2); MSA 28.788(7)(2), defendant was tried and convicted by a jury of one count of second-degree criminal sexual conduct, MCL 750.520c(1)(b); MSA 28.788(3)(1)(b). Defendant later pleaded guilty of being an habitual offender, third offense, MCL 769.11; MSA 28.1083, and was sentenced to three to thirty years' imprisonment. Defendant now appeals as of right. We reverse and remand. We hold that pursuant to MCR 6.310(B) the trial court may not vacate sua sponte an accepted plea without the defendant's consent.

I

On October 20, 1993, defendant pleaded guilty of one count of assault with intent to commit second-degree criminal sexual conduct. In exchange for defendant's plea, the prosecutor agreed to dismiss

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

charges of second-degree criminal sexual conduct and habitual offender, third offense, against defendant. In addition, the prosecutor agreed to recommend a sentence that defendant could serve in the county jail. Defendant's plea of guilty was accepted by the trial court.

Subsequently, on November 29, 1993, a sentencing hearing was held. During the hearing, the following colloquy occurred between the trial judge and defendant:

> *The Court:* The Court prepared a presentence investigation, it was made available to you and your attorney in writing, have you had a chance to go through it . . .
> *The Defendant:* Yes, I have.
> *The Court:*—with your attorney? Is there anything in here that is factually incorrect that I shouldn't rely on?
> *The Defendant:* Yes, there is.
> *The Court:* Well, would you direct my attention to that?
> *The Defendant:* This—the charge itself, CSC.
> *The Court:* Yes?
> *The Defendant:* Yeah. Has never happened.
> *The Court:* You're withdrawing your plea?
> *The Defendant:* No, I'm not.
> *The Court:* Well, you have to make up your mind here, Mr. Strong.
> *The Defendant:* I—Your Honor, I pleaded guilty to avoid the habitual.
>
> \* \* \*
>
> *The Court:* Well, if—are you telling me it never happened?
> *The Defendant:* It never happened.
> *The Court:* Well, if that's true, I'm going to set this aside and we're going to trial.
> *The Defendant:* I wish you would.
> *The Court:* Well, I don't sentence people who say they're innocent.

*The Defendant:* I don't think, Your Honor, with my previous contacts with this Court—especially when you once told me to go to Hart Plaza to collect pop bottles—I don't believe I can get a fair trial in this courtroom.

*The Court:* Well, you'll get a jury, Mr. Strong.

*The Defendant:* You know, if I can get a change of venue, I would be more than happy to withdraw my plea; but, if not . . .

*The Court:* Well, there won't be any . . .

*The Defendant:*—I would like to leave it as it is . . .

*The Court:* There won't be any change of venue. I'm going to . . .

*The Defendant:*—you know.

*The Court:*—set aside the plea. You have indicated you are innocent, and as I've said, we don't sentence innocent people. You will have your trial, Mr. Strong, and you will have it to a jury, and I will find the earliest trial date I can find.

Following the trial court's vacation of the plea, defendant was charged with and convicted of one count of second-degree criminal sexual conduct and one count of habitual offender, third offense.

II

On appeal, defendant argues that the trial court's order setting aside his guilty plea violated MCR 6.310. Defendant contends that under the court rule, a trial court on its own motion may vacate an accepted plea only if the defendant consents. We agree.

A trial court's authority to vacate an accepted plea is governed by MCR 6.310(B) and (C):

(B) Withdrawal Before Sentence. *On the defendant's motion or with the defendant's consent,* the court in the interest of justice may permit an

accepted plea to be withdrawn before sentence is imposed unless withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea. If the defendant's motion is based on an error in the plea proceeding, the court must permit the defendant to withdraw the plea if it would be required by MCR 6.311(B).

(C) Vacation of Plea Before Sentence. On the prosecutor's motion, the court may vacate a plea before sentence is imposed if the defendant has failed to comply with the terms of a plea agreement. [Emphasis added.]

We construe court rules according to the same basic principles that govern statutory construction. *Saint George Greek Orthodox Church v Laupmanis Associates, PC,* 204 Mich App 278, 282; 514 NW2d 516 (1994); *Michigan Basic Property Ins Ass'n v Hackert Furniture Distributing Co, Inc,* 194 Mich App 230, 234; 486 NW2d 68 (1992). If the language of the court rule is clear and unambiguous, judicial construction is normally neither necessary nor permitted. *People v McCoy,* 189 Mich App 201, 204; 471 NW2d 648 (1991); *Foster v Stein,* 183 Mich App 424, 426-427; 454 NW2d 244 (1990).

Because the language used in the court rule is clear and unambiguous, we apply its plain and ordinary meaning. On its face, MCR 6.310 allows a trial court to set aside an accepted plea only where (1) a motion to withdraw the plea is brought by the defendant; (2) the court on its own motion and with the consent of the defendant sets aside the plea; or (3) a motion to vacate the plea is brought by the prosecution on the ground that the defendant has violated the terms of the plea agreement. The plain language of the court rule clearly limits the discretion of the trial court to vacate an accepted plea. The trial court may exercise its discre-

tion to vacate an accepted plea only under the parameters of the court rule.

### III

Against this backdrop, we now turn to the propriety of the trial court's order vacating defendant's plea. Under the facts of this case, we conclude that the trial court abused its discretion in setting aside defendant's accepted guilty plea. Notwithstanding a defendant's protestations of innocence, a trial court may not vacate sua sponte an accepted plea absent the defendant's consent. MCR 6.310(B). From our review of the record, it is clear that defendant neither moved to withdraw his plea nor consented to its withdrawal. Rather, in his last response to the trial court's statement that it was going to set aside his plea, defendant stated "I would like to leave it as it is—you know."

To the extent the people argue that a defendant's proclamation of innocence is a sufficient basis to vacate the plea under MCL 768.35; MSA 28.1058,[1] this argument is without merit. In resolving a conflict between a statute and a court rule, the court rule prevails if it governs practice and procedure. Const 1963, art 6, § 5; MCR 1.104; *People v Shipp,* 175 Mich App 332, 335-339; 437

---

[1] MCL 768.35; MSA 28.1058 provides:

Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed.

NW2d 385 (1989). Because the mechanism for the withdrawal of an accepted plea is a matter of practice and procedure, we conclude that MCR 6.310(B) controls over the statute. Accordingly, we reverse defendant's convictions of second-degree criminal sexual conduct and habitual offender, third offense, and remand the case to the circuit court. We instruct the court on remand to permit defendant to plead guilty of assault with intent to commit second-degree criminal sexual conduct in exchange for the terms of the parties' previous plea agreement.

In view of our disposition of this issue, we need not address defendant's remaining issues on appeal.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.