PEOPLE v McEWAN

Docket No. 184600. Submitted December 19, 1995, at Detroit. Decided December 28, 1995, at 9:30 A.M. Leave to appeal sought.

Moses B. McEwan was convicted following a bench trial in the Recorder's Court for the City of Detroit, Thomas E. Jackson, J., of assault with intent to do great bodily harm less than murder, larceny from a person, and possession of a firearm during the commission of a felony. He then pleaded guilty of being a third-offense habitual offender. Following several hearings and the trial court's receipt of a letter from the defendant that contained allegations regarding the complainant's motivation to lie, the court entered an order granting a new trial. The defendant had not filed a motion for a new trial or orally moved for a new trial at any of the hearings. In addition, the defendant never specifically consented to the trial court's action. Judge Jackson then disqualified himself and the case was reassigned to Judge Robert L. Ziolkowski, who denied the prosecution's request for a stay of proceedings. The prosecution sought leave to appeal and an order for a stay of proceedings. The Court of Appeals, SAAD, P.J., and MARKMAN, J. (WHITE, J., dissenting), granted leave to appeal and a stay of proceedings in an unpublished order entered April 13, 1995 (Docket No. 184600).

The Court of Appeals *held:*

1. MCR 6.431(B) allows a trial court to order a new trial in a criminal case only when a motion for a new trial has been brought by the defendant.

2. The trial court's actions were not permissible under MCR 6.431(C).

3. MCR 6.435(B), which allows the court to correct substantive mistakes before entry of a judgment, is not applicable in this case. MCR 6.431(B) controls in this case and prohibited the trial court from ordering a new trial where the defendant had not brought a motion for a new trial.

Reversed and remanded.

REFERENCES

Am Jur 2d, Criminal Law §§ 244, 264, 285; New Trial §§ 2, 494.
See ALR Index under Double Jeopardy.

1. NEW TRIAL — COURT RULES — MOTIONS AND ORDERS.

    MCR 6.431(B) allows a trial court to order a new trial in a
    criminal case only when a motion for a new trial has been
    brought by the defendant; the court may grant the defendant's
    motion on any ground that would support appellate reversal of
    the conviction or because it believes that the verdict has
    resulted in a miscarriage of justice.

2. COURT RULES — NEW TRIAL.

    MCR 6.431(C) is properly construed to mean that where a defend-
    ant has been convicted in a bench trial, the trial court has
    granted a motion by the defendant for a new trial, and the
    defendant consents, the trial court may take additional testi-
    mony instead of commencing another trial from the beginning.

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — NEW TRIAL.

    After jeopardy attaches, a defendant has a valued right to have
    the trial completed by a particular tribunal; an exception to
    this rule that permits a retrial where manifest necessity com-
    pelled the termination of the first trial or proceeding does not
    apply where the court, on its own initiative, decided to grant a
    new trial.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *John D. O'Hair,* Prosecut-
ing Attorney, *Timothy A. Baughman,* Chief of
Research, Training, and Appeals, and *John F.
Fennessey,* Assistant Prosecuting Attorney, for the
people.

*David Cripps,* for the defendant.

Before: CAVANAGH, P.J., and SAWYER and R. L.
TEMPLIN,* JJ.

PER CURIAM. The prosecutor appeals by leave
granted a trial court order granting defendant a
new trial. We reverse and remand.

On October 19, 1994, following a bench trial,
defendant was convicted of assault with intent to
do great bodily harm less than murder, MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

750.84; MSA 28.279, larceny from a person, MCL 750.357; MSA 28.589, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant then pleaded guilty of being an habitual offender, third offense, MCL 769.11; MSA 28.1083.

At the sentencing hearing on November 3, 1994, the trial court expressed concern about defendant's convictions on the basis of the presentence investigation report and the contents of a letter defendant had written the court after trial. The trial court requested that the complainant and defendant take polygraph examinations. At subsequent hearings on January 20 and February 8, 1995, defendant requested adjournments because he was having difficulty arranging a polygraph examination at the Wayne County Jail.

Another hearing was held on March 15, 1995. Although the record is not clear, apparently the polygraph examinations were never done. Nevertheless, the trial court expressed uneasiness regarding defendant's convictions. When asked by the prosecutor what additional information had been brought out, the trial court responded:

> The only information that was brought out was a very long and lengthy letter from the defendant that seems to indicate that there were some things about this complaint that were not brought out at· trial. Now, it could be self-serving, it could be true, or whatever.
>
> But, I guess what triggers the whole thing, in my mind, is whether or not in making the decision, as trier of fact, in this case, whether or not I was aware of all those possibilities, you know, those circumstances. And, whether or not those things can or should be brought out somewhere else.
>
> Now, I don't know if they are relevant, or if they

are true, how they would be brought out. But it's just a matter of, I guess, considering the equities of the circumstances, and whether or not I would be in error, or wrong, or perhaps unfair to not let, to not let those other factors be brought out. That's basically what I'm saying.

\* \* \*

[I]f this had been a jury verdict on this case the motions would be made, but I would see no reason, even remotely, to grant the defense request. But, I am simply measuring this by what I looked at as part of the case.

\* \* \*

So, I'm going to grant the motion for the new trial.

In fact, defendant neither filed a motion for a new trial nor orally moved for a new trial at any of the hearings. In addition, defendant never specifically consented to the trial court's action.

On March 23, 1995, the trial judge disqualified himself. The case was reassigned to Judge Robert L. Ziolkowski. On April 5, 1995, Judge Ziolkowski denied the prosecution's request for a stay of proceedings. On April 13, 1995, this Court granted the prosecution's application for leave to appeal and motion for a stay of proceedings. Unpublished order of the Court of Appeals, entered April 13, 1995 (Docket No. 184600).

The prosecution argues that the trial court erred in ordering a new trial on its own initiative. The prosecution contends that MCR 6.431, the court rule governing motions for a new trial in criminal cases,[1] prohibits a court from granting a criminal defendant a new trial on its own motion.

---

[1] MCL 770.1; MSA 28.1098 previously provided the standards governing motions for new trials in criminal cases. However, with the adoption of MCR 6.431, the statutory standards have been superseded. MCR 1.104; MCR 6.001(E); *People v Strong*, 213 Mich App 107, 112; 539 NW2d 736 (1995).

MCR 6.431 provides, in part:

> (B) *Reasons for Granting.* On the defendant's motion, the court may order a new trial on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice. The court must state its reasons for granting or denying a new trial orally on the record or in a written ruling made part of the record.
>
> (C) *Trial Without Jury.* If the court tried the case without a jury, it may, on granting a new trial and with the defendant's consent, vacate any judgment it has entered, take additional testimony, amend its findings of fact and conclusions of law, and order the entry of a new judgment.

This Court construes court rules according to the same basic principles that govern statutory interpretation. If the language of the court rule is clear and unambiguous, judicial construction is normally neither necessary nor permitted. *People v Strong*, 213 Mich App 107, 111; 539 NW2d 736 (1995).

Because the language used in the court rule is clear and unambiguous, we apply its plain and ordinary meaning. MCR 6.431(B) allows the trial court to order a new trial in a criminal case only when a motion has been brought by the defendant. Cf. *Strong, supra.*

Defendant argues that the trial court's actions were permissible under MCR 6.431(C). We disagree. While MCR 6.431(C) applies to bench trials, it permits the trial court, "*on granting a new trial* and with the defendant's consent, [to] vacate any judgment it has entered, take additional testimony, amend its findings of fact and conclusions of

law, and order the entry of a new judgment"
(emphasis added). We construe this language to
mean that where a defendant has been convicted
in a bench trial, after the defendant's motion for a
new trial has been granted and if the defendant
consents, the trial court may take additional testi-
mony instead of commencing another trial from
the beginning.

Defendant also contends that the trial court's
action was authorized by MCR 6.435(B), which
allows the court to correct substantive mistakes
before entry of a judgment.[2] We do not believe,
however, that this rule is applicable in the present
situation. First, the staff comment to MCR 6.435(B)
provides as an example of a substantive mistake of
fact correctable under the rule a situation where
the trial court confused codefendants. Such a situ-
ation is not analogous to the vacation of a verdict.
Second, it is a fundamental rule of statutory con-
struction that when a general statute is in conflict
with a specific statute, the specific one prevails.
*People v Kotesky,* 190 Mich App 330, 331; 475
NW2d 473 (1991). Thus, MCR 6.431(B), as the
court rule governing new trials in criminal cases,
controls our analysis.

We believe that our resolution of this issue is
supported by the fact that a contrary interpreta-
tion of MCR 6.431 would lead to double jeopardy
problems. In criminal cases, finality of verdicts is
required under the Double Jeopardy Clause. *Peo-
ple v Jones,* 203 Mich App 74, 82; 512 NW2d 26

_____

[2] MCR 6.435(B) provides:

Substantive Mistakes. After giving the parties an opportunity
to be heard, and provided it has not yet entered judgment in
the case, the court may reconsider and modify, correct, or
rescind any order it concludes was erroneous.

(1993). After jeopardy attaches,[3] a defendant has a "'valued right to have his trial completed by a particular tribunal.'" *People v Anderson,* 409 Mich 474, 484; 295 NW2d 482 (1980), cert den 449 US 1101 (1981), quoting *Wade v Hunter,* 336 US 684, 689; 69 S Ct 834; 93 L Ed 974 (1949). The exception permitting a retrial where manifest necessity compelled the termination of the first trial or proceeding would not apply where a court, on its own initiative, decided to grant a new trial. See *id.*

We note the similarity of MCR 6.431(B) and (C) to the equivalent federal rule, which provides:

> The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. [FR Crim P 33.]

The Federal Rules of Criminal Procedure preclude a trial court from ordering a new trial on its own motion in order to forestall any later objections on the ground of double jeopardy. The Advisory Committee Notes to Rule 33 state:

> The amendments to the first two sentences make it clear that a judge has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by a defendant. Problems of double jeopardy arise when the court acts on its own motion. See *United States v Smith,* 331 US 469 (1947).

---

[3] In a bench trial, jeopardy attaches once the court begins to hear evidence. *People v Hicks,* 447 Mich 819, 826-827; 528 NW2d 136 (1994) (GRIFFIN, J.), cert den — US —; 115 S Ct 2282; 132 L Ed 2d 285 (1995).

Michigan rules of procedure and evidence are generally modeled after the federal rules, and, in the absence of state authority, this Court may properly look to comparable federal rules to ascertain the intent of a given state rule. *People v Mehall,* 213 Mich App 353, 360-361; 539 NW2d 593 (1995). We find that the similarity between the state and federal rules governing new trials in criminal cases supports our conclusion that MCR 6.431(B) prohibits a trial court from ordering a new trial when the defendant has not so moved.

We are aware that in *Jones* this Court stated that a trial court is entitled to grant a new trial on its own motion. See *Jones, supra* at 83. However, this statement was dicta; the issue in *Jones* was whether a trial court has the authority to alter its verdict before entry of a judgment. *Jones, supra* at 77-78. Furthermore, the *Jones* panel cited *People v Langley,* 187 Mich App 147, 151; 466 NW2d 724 (1991), in support of its statement. However, *Langley* concerned a trial that occurred in November 1988. MCR 6.431 took effect on October 1, 1989, and hence did not apply to *Langley.* For these reasons, we conclude that we are not required by *Jones* to interpret MCR 6.431 differently.

Furthermore, under the facts of this case, we question the propriety of the trial court's decision to grant a new trial. A trial court may grant a motion for a new trial "on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice." MCR 6.431(B). The trial court neither cited any basis that would support appellate reversal of the conviction nor stated that it believed the verdict had resulted in a miscarriage of justice. Rather, the trial court stated that

it felt uneasy about the verdict on the basis of the letter defendant had written after the trial.

However, the perils in relying on such a source are obvious. First, as the trial court conceded, the letter may well have been self-serving. Second, the letter possessed none of the indicia of reliability associated with evidence admitted at trial, such as the oath and opportunity for cross-examination. Finally, defendant chose not to exercise his right to testify in his own defense at trial. By granting defendant a new trial on the basis of the allegations in the letter, including allegations regarding the complainant's motivation to lie, the trial court allowed defendant to slip in through the back door accusations and arguments that he chose not to raise at trial.

Moreover, we cannot countenance the trial court's apparent belief that it had more leeway to vacate its verdict and order a new trial because it, rather than a jury, acted as the trier of fact. Even in bench trials, finality of verdicts is required under the Double Jeopardy Clause and is desirable as a matter of public policy. *Jones, supra* at 82. Furthermore, whether the proceeding was a jury trial or a bench trial, the trial court's discretion in ordering a new trial is limited by the court rules.

Reversed and remanded for further proceedings consistent with this opinion.