*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LATOYIA ALICIA MURRAY,

        Defendant-Appellant.

UNPUBLISHED
February 5, 2019

No. 340024
Wayne Circuit Court
LC No. 16-009410-01-FC

Before: K. F. KELLY, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted and sentenced to concurrent terms of 3½ to 20 years for carjacking, MCL 750.529a; 2 to 20 years for extortion, MCL 750.213; one to five years for receiving or concealing stolen property, MCL 750.535(7); and one to five years for unlawfully driving away a motor vehicle, MCL 750.413. Defendant appeals as of right on the ground that the trial court erred in vacating defendant's earlier guilty plea. We affirm.

On February 21, 2017, defendant pleaded guilty to extortion and receiving or concealing stolen property in exchange for the prosecution's dismissal of the charges for carjacking and unlawfully driving away a motor vehicle. The plea bargain included a *Cobbs*[1] agreement providing that the trial court would sentence defendant to six months in jail and three years of probation. During the plea hearing, defendant admitted on the record that she maliciously threatened to damage the victim's property with the intention of extorting money from the victim or causing him to take action against his will. She also admitted that she received into her possession and concealed a motor vehicle, which she knew to have been stolen from the victim. Given these admissions, the trial court accepted her plea.

On April 10, 2017, defendant appeared before the trial court for sentencing in accordance with the plea agreement. Before delivering the sentence, the trial court asked defendant whether

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

there was anything she would like to say. Defendant responded by stating that she would "never put [her]self in a situation like this," was "going to jail for nothing," and did not commit the criminal acts underlying the charges. When the trial court questioned defendant regarding her guilty plea, defendant stated that her attorney and the prosecutor scared her into accepting the plea agreement by telling her that she would be sentenced to 50 to 100 years in prison if she was found guilty at trial. The trial court then discussed with defendant how she wished to proceed:

> *The Court*: So you have two – you have an option here. You can withdraw your plea and we can go to trial. Is that what you want to do, go to trial?

> *Defendant*: I'll go to trial

> \* \* \*

> *The Court*: So you want to – you can withdraw your plea and we're going to trial. I'm not going to – based on this, I'm not going to have the Defendant – you already pled guilty. Basically, we're going to have to tell the victim and admit responsibility, so I'll allow you to withdraw your plea and go back to the status quo. Okay?

> *Defendant*: Okay.

> \* \* \*

> *The Court*: Is that your intention, to withdraw your plea?

> *Defendant*: Yes. Can I say one thing?

> *The Court*: No, no. Is that your intention to withdraw your plea?

> *Defendant*: Yes.

> \* \* \*

> *The Court*: All right. We'll set a trial date[.] And you do understand that I'm not going to Cobb's [sic] this. Whether you go to trial or not – I mean whether or not there is an agreement, I'm not going to give you a Cobb's [sic] at all. Do you understand that?

> *Defendant*: Yes.

> *The Court*: And it's your intention to go forward with your trial?

> *Defendant*: Yes, sir.

Defendant proceeded to trial, was found guilty on all four counts, and was sentenced as indicated above.

On appeal, defendant argues that the trial court erred in vacating her plea agreement absent a formal motion made by defendant and absent defendant's informed and unequivocal consent. We disagree. This Court reviews a trial court's ruling on a motion to withdraw a plea for an abuse of discretion. *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). A trial court abuses its discretion when it reaches a decision falling outside the range of reasonable and principled outcomes. *People v Dixon-Bey*, 321 Mich App 490, 496; 909 NW2d 458 (2017).

Under MCR 6.310(B), a plea may be withdrawn before sentencing "on the defendant's motion or with the defendant's consent only in the interest of justice" and only if withdrawal would not substantially prejudice the prosecutor. Withdrawal of a plea is in the interest of justice when a defendant is able to provide "a fair and just reason" for the withdrawal. *People v Fonville*, 291 Mich App 363, 378; 804 NW2d 878 (2011). "Fair and just reasons include reasons like a claim of actual innocence or a valid defense to the charge," but do not include dissatisfaction with the sentence or incorrect advice from defense counsel. *Id*. However, "[n]otwithstanding a defendant's protestations of innocence, a trial court may not vacate sua sponte an accepted plea absent the defendant's consent." *People v Strong*, 213 Mich App 107, 112; 539 NW2d 736 (1995).

Defendant contends that she neither made a formal motion to withdraw her guilty plea nor gave her informed, unequivocal consent to vacate the plea. Defendant's position is clearly contradicted by the record. Initially, defendant's statements on the record may reasonably be construed as an oral motion to withdraw her plea. The trial court informed defendant that she had the option to withdraw her plea and proceed with trial. When the trial court asked if that is how defendant wished to proceed, she responded in the affirmative with, "I'll go to trial." The trial court then explained a second time that it would permit defendant to withdraw her plea and proceed with trial, and defendant responded, "Okay." Thus, defendant plainly indicated that she wished to withdraw her plea.

Even assuming that defendant did not make an oral motion to withdraw her plea, she repeatedly gave her unequivocal consent to set aside the plea and proceed with trial. See *id*. at 111 (holding that under MRC 6.310(B), a trial court may set aside an accepted guilty plea "on its own motion and with the consent of the defendant."). In addition to defendant's statements discussed above, the trial court asked defendant no less than three times whether it was her intention to withdraw her plea and go forward with trial. Each time, defendant responded affirmatively. Defendant claims that this consent was uninformed, as she had no opportunity to consult with her attorney regarding the consequences of her decision, including the loss of the plea and *Cobbs* agreements. This argument is undercut by the record. The trial court specifically informed defendant that, as a result of withdrawing the plea, she would not be sentenced in accordance with the *Cobbs* agreement and further asked defendant whether she understood. Defendant indicated her understanding and again affirmed that it was her intention to go forward with trial. Moreover, defendant had ample opportunity to consult with her attorney, as he was present during the sentencing hearing. However, at no point did defendant avail herself of this opportunity by requesting a recess to discuss matters with counsel. Accordingly, the record demonstrates that defendant knowingly and unequivocally consented to withdrawal of her plea.

The trial court's decision to vacate defendant's guilty plea was also in the interest of justice, as defendant's claim of innocence amounted to a "fair and just reason." See *Fonville*, 291 Mich App at 378. Defendant contends that her claim of innocence was not an assertion of "actual innocence" but rather was premised on her "mistaken understanding of innocence." Again, the record undermines defendant's position. Not only did defendant state that she would "never put [her]self in a situation like this," and was "going to jail for nothing," but she also denied having committed the criminal acts charged. Specifically, defendant claimed that the victim somehow tricked her, explaining, "[The victim] know[s] I didn't drive his car and understand about the extortion. He told me to come over there to meet up so he going to give me [$]250. He took my money." Given the fact that defendant denied the very conduct on which the criminal charges were premised,[2] and further maintained at trial that she "never committed any of these crimes against [the victim]," there could be no mistake that she was asserting her actual innocence. Finally, defendant argues that her explanation for pleading guilty – that her attorney and the prosecutor scared her into doing so – does not constitute a fair and just reason justifying withdrawal of her plea because she previously waived any claim that the plea was the product of coercion or threats. This argument is unavailing. Although defendant offered this background to explain why she initially pleaded guilty, the basis for withdrawing her plea was her claimed innocence.

It is noteworthy that defendant did not raise any objection to the withdrawal of her plea until after she was convicted and sentenced on all four charges, suggesting buyer's remorse rather than any actual error. We decline to vacate defendant's withdrawal of her plea merely because she is now dissatisfied with the results following trial. We thus conclude that the trial court did not abuse its discretion in vacating defendant's plea before sentencing.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan
/s/ Michael F. Gadola

---

[2] Defendant was accused of organizing an attack against the victim, a property manager, to recover her payment to him of a $250 deposit for a rental property. While the victim was speaking with defendant regarding the deposit, three men attacked him and stole his money and car. Defendant allegedly contacted the victim to arrange a meeting to return his car if he returned defendant's deposit money. Defendant and her cohorts were apprehended at the planned meeting place, where police also recovered the victim's car.