*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

HASSON LEQUA TURNER,

        Defendant-Appellee.

UNPUBLISHED
July 25, 2025
10:14 AM

No. 370441
Wayne Circuit Court
LC No. 22-005273-01-FH

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

PER CURIAM.

Following a jury trial, defendant was found guilty of carrying a concealed weapon (CCW), MCL 750.227. Shortly after the jury rendered its verdict and was discharged from its duties, the trial court sua sponte directed a verdict of acquittal. The prosecution now appeals by right. We reverse and remand.

## I. BACKGROUND

On June 15, 2021, two patrolling officers initiated a traffic stop of defendant after he failed to signal while changing lanes. As defendant was coming to a stop, one of the officers saw defendant reach for something in the backseat of his car. Upon his approach to the passenger side of defendant's car, the officer saw a holstered handgun laying on the floor of the backseat area between the driver and passenger seats. The officer then signaled to his partner about the gun, so the other officer approached the driver's side of the car, removed defendant from the car, and detained him. Defendant thereafter admitted to the officer that he did not have a concealed pistol's license for the gun. The first officer then recovered the gun from defendant's car, and defendant was arrested without incident. The officers' body-worn cameras recorded the entire series of events, and the videos were played for the jury in small increments throughout the officers' testimony. Defendant was also interviewed about the incident the day after his arrest and, after

receiving *Miranda*[1] warnings and waiving his rights, again admitted that he did not have a concealed pistol's license and that the gun found in his car during the traffic stop belonged to him.

On March 7, 2024, defendant appeared in court for proceedings in two separate criminal cases: a jury trial on the CCW charge related to the June 15, 2021 traffic stop (i.e., the instant case), and a pretrial conference in an unrelated case regarding another CCW charge that arose from an incident on July 22, 2021. After the jury was empaneled, the prosecution indicated during its opening statement that it would prove that defendant illegally carried a concealed weapon in his car on June 15, 2021. Additionally, all of the witness testimony, video evidence, and physical evidence presented throughout trial pertained to the traffic stop on June 15, 2021, and the prosecution reiterated during its closing argument that the evidence proved beyond a reasonable doubt that defendant committed the charged offense on that date.

During final jury instructions, the trial court correctly instructed the jury that the prosecution must prove the essential elements of CCW beyond a reasonable doubt for defendant to be found guilty, but the court incorrectly instructed the jury that the prosecution "must also prove beyond a reasonable doubt that the crime occurred on or about July 22, 2021[.]" The court then finished the remaining instructions and excused the jury so that it could begin deliberating. Neither party objected to the instructional error at the time that it occurred, and neither the parties nor the court seemed to notice the error before the case was submitted to the jury for deliberation.

Approximately 90 minutes after deliberation began, the jury sent a note to the trial judge stating, "Jury binders appear incorrect . . . . [I]nformation felony form July 22, 2021, is that the date of the incident on that form[?] We understand [the offense] occurred on June 15, 2021." After some off-the-record discussions and further investigation, the court determined that the jurors' binders incorrectly contained the felony information related to the incident that occurred on July 22, 2021, rather than the felony information related to the incident that occurred on June 15, 2021—i.e., the incident for which defendant was on trial.[2] A few minutes later—and before the court submitted a response to the jury's note—the jury indicated that it had reached a verdict. After receiving arguments from each party about how to proceed, the court decided "to take the verdict in this matter."

The jury found defendant guilty of CCW, and the trial court then discharged the jury from its duties. Approximately 15 minutes later, after another off-the-record discussion with the parties, the court sua sponte directed a verdict of acquittal because of the date-related errors:

> All right. We're back on the record. All right. So when considering a motion for a directed verdict the Court have [sic] to look in the light most favorable to the People . . . . [C]onsidering the proofs that were present[ed] all of the individuals testified that the date in question was June 15, 2021.

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] Additionally, at least one juror was given a binder "from a trial that occurred several days ago involving another defendant having nothing to do with [this defendant] whatsoever."

But the Court also read the final jury instructions and told the jurors that to follow what I said is the law. And when this Court read the final jury instructions it read that the People have to prove beyond a reasonable doubt that the events occurred on July 22, 2021 . . . .

\* \* \*

Based on all of the errors that have occurred throughout this trial with respect to the information and the binders this Court finds that the People did not meet their burden with respect to the element of, it's not the element but the instruction . . . well I guess it is a[n] element of proving that the case happen[ed] or [sic] June 15, 2021.

The jurors were instructed that the case had to be proven beyond a reasonable doubt that the case happened on July 22, 2021. The Court considers that to be a significant error. That [the jurors] were provided with not one but two improper informations in this case. And for those reasons the Court on its own motion is directing out this case. And the case will be dismissed.

The prosecution objected to the trial court's decision to sua sponte direct a verdict of acquittal, which the trial court overruled but "noted for the record."

The trial court subsequently issued an order granting its own motion for a directed verdict of acquittal, as well as an order of acquittal dismissing, on the court's motion, the case with prejudice. This appeal followed.

## II. DISCUSSION

On appeal, the prosecution argues that the trial court erred by entering an order of acquittal in this case because the court did not have authority under the court rules to sua sponte grant a directed verdict of acquittal after the jury returned its guilty verdict. We agree.

We review de novo a trial court's decision on a motion for directed verdict of acquittal. *People v Chelmicki*, 305 Mich App 58, 64; 850 NW2d 612 (2014). We also review de novo the interpretation of court rules. *People v Owens*, 338 Mich App 101, 113; 979 NW2d 345 (2021). In doing so, we apply the same legal principles as we do to statutory interpretation, looking first to "the rule's plain language" to determine its meaning, and declining to "engage in further construction or interpretation" if the plain language of the rule is unambiguous. *Id*. at 114. We "generally give[] words their plain and ordinary meanings," and we "will not add language to an unambiguous court rule." *Id*.

MCR 6.419 governs motions for a directed verdict of acquittal and provides, in pertinent part:

(A) Before Submission to Jury. After the prosecutor has rested the prosecution's case-in-chief or after the close of all the evidence, the court on the defendant's motion must direct a verdict of acquittal on any charged offense for which the evidence is insufficient to sustain a conviction. The court may on its own

-3-

consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

(B) Reserving Decision. The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

(C) After Jury Verdict. After a jury verdict, the defendant may file an original or renewed motion for directed verdict of acquittal in the same manner as provided by MCR 6.431(A) for filing a motion for a new trial.

A plain reading of these provisions does not authorize a trial court to sua sponte direct a verdict of acquittal after a jury has rendered a verdict in a criminal case. See *Owens*, 338 Mich App at 114. Although the court rule expressly states that a court may consider a directed verdict of acquittal on its own motion *before* the case is submitted to the jury for deliberation, see MCR 6.419(A), similar language is absent from the provision governing how such relief may be pursued and granted *after* the jury returns its verdict, MCR 6.419(C). Rather, that subrule provides that only "the defendant" may move for a directed verdict of acquittal after a jury verdict is rendered. MCR 6.419(C).[3] Our Supreme Court included similarly limited language in MCR 6.431(B), providing that, "*[o]n the defendant's motion*, the court may order a new trial on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice." (Emphasis added.) This Court has interpreted such language as allowing a trial court to order a new trial in a criminal case only after a motion for a new trial has been brought by the defendant. *People v McEwan*, 214 Mich App 690, 694-695; 543 NW2d 367 (1995). The language in MCR 6.419(C) is similarly plain and unambiguous, and we see no reason why we should interpret it differently. See *McEwan*, 214 Mich App at 694-695; see also *Owens*, 338 Mich App at 114.

In reviewing the record in this case, there is nothing indicating that the trial court ever considered a directed verdict of acquittal on its own motion before the case was submitted to the jury. See MCR 6.419(A). Nor, contrary to defendant's suggestion on appeal, does the record indicate that defendant ever moved for a directed verdict of acquittal, either before or after the case was submitted to the jury for deliberation. See MCR 6.419(C). The record instead reflects that the trial court received the jury's guilty verdict, discharged the jury from its duties, and then directed a verdict of acquittal "on its own motion" due to its instructional error and the incorrect information contained in the jurors' binders. The court then entered two orders, both of which

---

[3] Likewise, while MCR 6.419(B) permits a trial court to reserve its decision on a motion for directed verdict of acquittal until after the jury returns its verdict, the subrule, by its plain language, contemplates a motion made before the case is submitted to the jury; it does not suggest that a trial court may, only after the jury's verdict, move sua sponte to direct a verdict of acquittal.

likewise expressly indicated that the court was granting its own motion. For the reasons discussed, however, the plain language of the governing court rule did not authorize the court to do so. See MCR 6.419(A) and (C); see also *Owens*, 338 Mich App at 114. Accordingly, the trial court erred by granting a directed verdict of acquittal on its own motion after the jury rendered a guilty verdict, and it therefore necessarily erred by sua sponte entering an order of acquittal dismissing this case with prejudice.

Defendant argues that it would contravene "established law" to conclude that the trial court could not direct a verdict of acquittal as it did in this case, pointing in particular to our Supreme Court's general recognition in *People v Lemmon*, 456 Mich 625, 633-634; 576 NW2d 129 (1998), that "[d]ue process commands a directed verdict of acquittal when sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt is lacking." (Quotation marks, citations, and footnote omitted.) *Lemmon*, however, did not involve or purport to speak to a trial court's authority to enter a directed verdict of acquittal sua sponte after a jury verdict. Nor did *Lemmon* suggest that the due-process considerations underlying a directed verdict of acquittal conflict with the parameters that our court rules have placed on how that relief may be pursued and granted.[4] We do not see, in *Lemmon* or otherwise, established law validating the trial court's actions in this case; rather, as discussed, the established law we have found on the matter leads us to the opposite conclusion.

We reverse the trial court's sua sponte award of a directed verdict of acquittal, and we remand for the court to reinstate the jury's verdict and for the case to be returned to the procedural posture that it was in at the time the verdict was originally rendered. Correspondingly, our decision is without prejudice to defendant's appellate rights or to defendant's ability to file a motion for a directed verdict of acquittal and/or a new trial as permitted by the court rules.[5]

## III. CONCLUSION

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Christopher M. Trebilcock

---

[4] To the contrary, *Lemmon* expressly cited to MCR 6.419 in making the statement defendant highlights. See *Lemmon*, 456 Mich at 633 n 7.

[5] In light of the analysis and disposition set forth above, we need not—and do not—reach the other arguments raised by the prosecution on appeal.