*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

AERON LASHAN SIMS,

Defendant-Appellant.

FOR PUBLICATION
January 15, 2026
10:27 AM

No. 371876
Muskegon Circuit Court
LC No. 2022-000969-FH

Before: CAMERON, P.J., and KOROBKIN and BAZZI, JJ.

BAZZI, J.

Defendant, Aeron Lashan Sims, appeals by leave granted,[1] his plea-based convictions for carrying a firearm during the commission of a felony (felony-firearm), as a second or subsequent offense, MCL 750.227b(2); and possession of methamphetamine, MCL 333.7403(2)(b)(*i*). On May 24, 2022, Sims was sentenced to five years' incarceration for the felony-firearm conviction, with four days of jail credit, and no term of incarceration for the possession-of-methamphetamine conviction. The trial court ordered Sims to report to the Michigan Department of Corrections (MDOC) one week after sentencing, and it entered the pertinent judgment of sentence on June 6, 2022. However, Sims failed to appear, resulting in his subsequent arrest and resentencing before the trial court on January 31, 2024. Sims was then resentenced to five years' incarceration for the felony-firearm conviction, and 38 months' to 10 years' incarceration for the possession-of-methamphetamine conviction, to be served consecutively. On appeal, Sims argues that the trial court lacked the authority to resentence him on January 31, 2024, because the June 6, 2022 judgment of sentence remained valid and the trial court should have permitted him to withdraw his plea. For the reasons set forth in this opinion, we disagree and affirm.

---

[1] This Court initially denied Sims's application for leave to appeal "for lack of merit in the grounds presented." *People v Sims*, unpublished order of the Court of Appeals, entered September 20, 2024 (Docket No. 371876). Sims sought leave to appeal to the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court remanded the case to this Court for consideration as on leave granted. *People v Sims*, 18 NW3d 16 (Mich, 2025).

-1-

# I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises after the police conducted a search of Sims's residence and seized three stolen pistols, a rifle, narcotics, and a large quantity of cash. Sims was originally charged with one count of possession with intent to deliver or manufacture methamphetamine, MCL 333.741(2)(b)(*i*), one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f, two counts of felony-firearm, and as a fourth-offense habitual offender, MCL 769.12. However, pursuant to the terms of a plea agreement, Sims pleaded guilty to one count of felony-firearm, as a second or subsequent offense, and one count of possession of methamphetamine, in exchange for the dismissal of the other charges.

On May 24, 2022, the trial court conducted a sentencing hearing via Zoom. The prosecution and Sims had previously agreed to a *Cobbs*[2] agreement wherein the trial court would impose a fixed five-year sentence for the felony-firearm conviction and a minimum sentence no greater than 10 months for the possession-of-methamphetamine conviction. At sentencing, the trial court departed downward from the sentencing guidelines range of 19 to 38 months as a minimum term for the possession-of-methamphetamine conviction. The resulting judgment of sentence entered on June 6, 2022, provided that Sims was sentenced to five years' incarceration for the felony-firearm conviction, and he was required to pay $68 for the possession-of-methamphetamine conviction with no accompanying term of incarceration. The trial court further ordered Sims to report to the MDOC the following week for the commencement of his sentence. However, Sims failed to appear and absconded to Texas.

In July 2023, Texas authorities arrested Sims, and the Muskegon County Prosecuting Attorney's Office secured his extradition back to Michigan. Thereafter, the prosecution moved to vacate Sims's plea under MCR 6.310, arguing that Sims failed to comply with the plea agreement by refusing to report to the MDOC and serve his sentence. Sims responded that the prosecution could not withdraw the plea on this basis. In October 2023, the trial court conducted a hearing on the prosecution's motion to withdraw the plea. The trial court noted that another judge had sentenced Sims in 2022 and that Sims failed to appear at the MDOC as ordered. The court remarked, "There's been some discussion about whether or not the Court can impose a different sentence when he's already been sentenced, and I don't really know the answer to that question." The trial court adjourned the hearing to have adequate time to review the pertinent transcripts.

On December 12, 2023 the parties reconvened for a hearing on the prosecution's plea-withdrawal motion. The prosecution shared that Sims faced a separate charge for escape from lawful custody and warned that, if Sims did not renew his plea, the prosecution would withdraw the plea agreement. Sims maintained that the prosecution lacked the authority to withdraw the plea. Before ruling, the trial court emphasized a "split" in this Court regarding whether a criminal defendant's sentence commenced when he or she "steps in the jailhouse doors" or whether it is "done when it's pronounced from the bench," recognizing Sims was instructed to appear before the MDOC a week after the initial sentencing. The court ordered additional briefing on the matter and adjourned the hearing.

---

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

On January 30, 2024, the trial court held a second sentencing hearing. In addressing whether Sims may be resentenced given the initial May 2022 sentencing and order to report to the MDOC, the trial court cited *People v Meservey*, 76 Mich 223; 42 NW 1133 (1889), *People v Stewart*, 69 Mich App 528; 245 NW2d 121 (1976), and *People v Bingaman*, 144 Mich App 152; 375 NW2d 370 (1984). The trial court opined:

> And specifically, these three cases, in the Court's opinion, stand for the proposition that a sentencing is completed and the court loses authority after the oral pronouncement of the sentence, as well as a remand to jail to await sentencing by the defendant. The question for the Court was whether or not the Court is saying, "hey, you need to report at this date and time", does that constitute a remand to the court and, thereby, the court would lose jurisdiction to resentence the defendant if he failed to appear.

The trial court ultimately determined that it maintained the authority to resentence Sims because he had not been remanded into custody or placed under the sheriff's authority for sentencing. Sims objected, asserting that the court's directive to report to the MDOC in 2022 constituted a remand, thereby divesting the trial court of jurisdiction to resentence him. In an amended judgment of sentence entered January 31, 2024, the trial court resentenced Sims as previously detailed. This appeal ensued.

## II. STANDARDS OF REVIEW

"The proper interpretation and application of a court rule is a question of law that is reviewed de novo." *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012). "To the extent that this case implicates constitutional issues, they are likewise reviewed de novo." *Id*. The rules of statutory construction also apply to court rules. *People v Williams*, 483 Mich 226, 232; 769 NW2d 605 (2009). "If the language of the court rule is clear and unambiguous, judicial construction is normally neither necessary nor permitted." *People v Strong*, 213 Mich App 107, 111; 539 NW2d 736 (1995). The unambiguous language of court rules must be enforced as written. *Williams*, 483 Mich at 232.

Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). A defendant bears the burden of persuasion and "must show that (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected a substantial right of the defendant." *People v Pipes*, 475 Mich 267, 279; 715 NW2d 290 (2006). "Generally, the third factor requires a showing of prejudice— that the error affected the outcome of the trial proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citation omitted).

## III. ANALYSIS

## A. RESENTENCING

On appeal, Sims first argues that the trial court abused its discretion by resentencing him on January 31, 2024, because the June 2022 sentence remained valid. Sims asks this Court to vacate the 2024 judgment of sentence and reinstate the 2022 judgment of sentence. We disagree.

"Once a sentence has been imposed, the trial court's ability to alter it is severely limited." *People v Councell*, 194 Mich App 192, 193-194; 486 NW2d 350 (1992). "[A]ny corrections or modifications to a judgment of sentence must comply with the relevant statutes and court rules." *People v Holder*, 483 Mich 168, 176; 767 NW2d 423 (2009). Generally, "a resentencing cannot be validly ordered unless the initial sentence is invalid . . . ." *People v Phillips*, 227 Mich App 28, 37; 575 NW2d 784 (1997). To do so otherwise "would infringe upon the exclusive power of the governor under the Constitution to commute sentence." *People v Fox*, 312 Mich 577, 582; 20 NW2d 732 (1945). In *In re Richards*, 150 Mich 421, 426; 114 NW 348 (1907), our Supreme Court explained "that a trial court cannot set aside a valid sentence and impose a new and different one, after the defendant has been remanded to jail to await the execution of the sentence." MCR 6.429(A) provides:

> The court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence.

Our Supreme Court further clarified that "[a] sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997).

In addition to considering the validity of a sentence, our appellate courts further examine whether a defendant commenced serving his or her sentence to determine whether a trial court properly resentenced a defendant. See *Meservey*, 76 Mich at 226; see also *Fox*, 312 Mich at 582; *Stewart*, 69 Mich App at 533; *Bingaman*, 144 Mich App at 158. In *Meservey*, 76 Mich at 226, the Michigan Supreme Court determined that a trial court improperly resentenced two defendants because the "the original sentences had gone into effect" the day that the defendants were incarcerated, meaning the defendants had begun serving their initial sentences. Similarly, in *Fox*, 312 Mich at 582, the Michigan Supreme Court reiterated that a trial court does not have the authority to resentence a defendant "after [a sentence] has been partly served." Many years later, in *Stewart*, 69 Mich App at 533, this Court upheld a trial court's decision to resentence a defendant because the defendant "was free on bond and not in the custody of jail officials" and "had not yet commenced serving his sentence." A dissent in that case, by contrast, opined that the issuance of the trial court's sentencing order, not defendant's physical incarceration, terminated the trial court's authority to modify a sentence. *Id*. at 534-535 (GILLIS, J., concurring in part and dissenting in part).

In the present case, to determine whether the trial court properly resentenced Sims, we first address whether the 2022 sentence was valid. See *Phillips*, 227 Mich App at 37. The parties do not dispute that the 2022 sentence was valid. Regardless, we note that the trial court sentenced Sims within the statutory limits, based on permissible constitutional grounds, and it did not advance any misconceptions of law. See *Miles*, 454 Mich at 96. Further, the trial court conformed the sentence to the individual facts of the matter, specifically stating on the record that it was taking into consideration all the circumstances of the case and the *Cobbs* agreement before issuing a sentence. See *id.*

Next, we examine whether Sims's sentence commenced after the 2022 judgment of sentence was entered, despite Sim's failure to appear at the MDOC to serve his sentence. The trial court concluded that Sims had not commenced serving his sentence and resentencing was appropriate, relying on *Meservey*, 76 Mich at 226, *Stewart*, 69 Mich App at 533, and *Bingaman*, 144 Mich App at 158. The trial court correctly concluded that *Stewart* was "substantially similar" to the present case, such that it did not err by resentencing Sims on January 31, 2024. Like the defendant in *Stewart*, Sims was "not in the custody of jail officials" for the 2022 sentence, such that that he "had not yet commenced serving his sentence." *Stewart*, 69 Mich App at 533. Sims was sentenced remotely via Zoom and given a week to get his affairs in order and report to the MDOC. Sims's failure to initiate serving the 2022 sentence indicates that it was never "imposed" within the meaning of MCR 6.429(A). See *People v Wybrecht*, 222 Mich App 160, 166; 564 NW2d 903 (1997) ("[MCR 6.429(A)] codifies the well-settled principle that the trial court lacks authority to set aside a valid sentence *once the defendant begins serving it*.") (emphasis added). Although a trial "court may not modify a valid sentence after it has been imposed," MCR 6.429(A); see *Councell*, 194 Mich App at 193-194, the trial court maintains the authority to modify a sentence before the defendant begins serving it, *Stewart*, 69 Mich App at 533.[3]

---

[3] We note that *Stewart* was decided in 1976. Although this Court is not "strictly required to follow uncontradicted opinions from this Court decided prior to November 1, 1990, those opinions are nonetheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *People v Bensch*, 328 Mich App 1, 7 n 6; 935 NW2d 382 (2019) (quotation marks and citation omitted). That is, although "subsequent panels are not bound under MCR 7.215(J)(1) to follow a rule established in a published opinion against their better judgment if it predates November 1, 1990, this does not change the status of older opinions as 'precedential . . . under the rule of stare decisis.' " *Schaumann-Beltran v Gemmete*, 509 Mich 979, 979 n 1 (2022), quoting MCR 7.215(C)(2). Or, as this Court stated before 1990, "[w]hile we are not bound to follow the opinion of another panel of this Court, we normally do so unless cogent reason appears for not doing so." *Moorehouse v Ambassador Ins Co, Inc*, 147 Mich App 412, 417; 383 NW2d 219 (1986). Here, Sims argues that we should follow the dissenting opinion in *Stewart*, but we find no cogent reason to depart from the precedent established by the majority opinion in that case, which is consistent with *Meservey*, *Richards*, *Fox*, and *People v Barfield*, 411 Mich 700; 311 NW2d 724 (1981). See also MCR 6.429 (staff comment), citing *Barfield*.

## B. MISCONDUCT

Sims further argues that even if the trial court maintained the authority to resentence him, it erred by ruling Sims's absconding constituted misconduct under MCR 6.310(B)(3) and thereby allowed the trial court to deviate from the *Cobbs* agreement without giving defendant an opportunity to withdraw his plea. We disagree.

On the record before us, Sims failed to preserve this issue for appellate review. "To preserve a sentencing issue for appeal, a defendant must raise the issue 'at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.' " *Clark*, 315 Mich App at 223, quoting MCR 6.429(C). MCR 6.310(D) provides:

> A defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter, or any other claim that the plea was not an understanding, voluntary, or accurate one, unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal.

In this case, Sims failed to move in the trial court to withdraw his plea. This issue is, therefore, not preserved. See *id*. Sims "may not assign as error on appeal something that [he] deemed proper in the lower court because allowing [him] to do so would permit [him] to harbor error as an appellate parachute." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

To the extent that this issue is reviewed for plain error, Sims cannot show that "an error occurred" because Sims committed misconduct within the meaning of MCR 6.310 and therefore did not have a right to withdraw his plea. See *Carines*, 460 Mich at 763-764. The staff comment to MCR 6.310 provides, "Subrule (B) sets forth the procedure for withdrawing a plea after it has been accepted but before the sentence has been imposed." MCR 6.310, 432 Mich ccii (staff comment to 1989 adoption). Under MCR 6.310(B)(2), "the defendant is entitled to withdraw the plea" if it involved a *Cobbs* agreement and the trial court states that it is unable to follow the agreement. Under MCR 6.310(B)(3), however, a defendant is not entitled to withdraw a plea under the circumstances described above if the defendant commits misconduct after the plea is accepted but before sentencing. "Misconduct is defined to include, but is not limited to: absconding or failing to appear for sentencing, violating terms of conditions on bond or the terms of any sentencing or plea agreement, or otherwise failing to comply with an order of the court pending sentencing." MCR 6.310(B)(3).

In the instant matter, the trial court determined that it would not follow the *Cobbs* agreement because Sims absconded and failed to appear for the commencement of his sentence. MCR 6.310(B)(3) explicitly defines misconduct to include absconding, failing to appear for sentencing, violating the terms of a plea agreement, and failing to comply with a court order. Therefore, Sims plainly committed misconduct within the meaning of the court rule by failing to report to the MDOC after the trial court ordered him to do so. Sims committed further misconduct by absconding to Texas. See MCR 6.310(B)(3). Because Sims committed misconduct, he was not entitled to withdraw his plea after acceptance but before sentencing. Therefore, even under plain-error review, Sims's argument fails because he cannot show "an error occurred." *Pipes*, 475 Mich at 279.

## IV.  CONCLUSION

We acknowledge that courts are increasingly utilizing virtual hearings for the benefit of attorneys and litigants alike.  However, permitting a defendant to appear virtually for sentencing, imposing a sentence that includes incarceration, and then precluding the trial court from modifying that sentence if the defendant absconds by failing to surrender does not comport with practical or sound judicial administration.  To preserve the continued benefits to virtual proceedings—such as increased accessibility and transparency—courts must also account for the inherent limitations such proceedings may impose on the trial court's authority, particularly with respect to sentencing and enforcement.  A contrary ruling would discourage the use of virtual hearings out of concern that a court may lose jurisdiction or authority if a defendant absconds rather than appearing as ordered.  Such a rule would invite gamesmanship, allowing a defendant to enter a plea, request virtual sentencing, and then abscond without consequence.  This stands in contrast to circumstances in which a defendant absconds prior to sentencing, when the court may vacate the plea without affording the defendant an opportunity to withdraw it and may impose a harsher sentence.  Trial courts require clear and practical rules to address these increasingly common issues arising from the use of virtual hearings, in a manner that preserves judicial authority while remaining consistent with principles of fairness and common sense.

Accordingly, we conclude that the trial court did not err by resentencing Sims on January 31, 2024.  Despite the validity of the 2022 sentence, it was not yet imposed because of Sims's failure to report to the MDOC and to be within the physical custody of the court.  Further, Sims did not have the right to withdraw his plea because he committed misconduct by neglecting to comply with the trial court's order and absconding to Texas.

Affirmed.

/s/ Mariam S. Bazzi
/s/ Thomas C. Cameron
/s/ Daniel S. Korobkin